## 31059.  BOSTWICK *v.* FELDER.

DECIDED OCTOBER 24, 1945.

*Lowrey Stone,* for plaintiff in error.

*Philip Sheffield,* contra.

FELTON, J. ■ It is the theory of counsel for the plaintiff in error that Felder's acceptance of the bill of sale merged the lien of judgment, insofar as the automobile and tractor are concerned, in the bill of sale, under the provisions of the Code, § 85-710: "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater;" and also under the provisions of § 85-711: "As a general rule a party may not hold a lien on his own property." While "in strict technical meaning, the doctrine of merger of estates appears to have been derived from the principles applicable to feudal tenures, and hence to have relation only to estates in land" (31 C. J. S., § 123, p. 141), it has been held that the "term 'merger' is applicable to rights other than rights in land" (31 C. J. S., § 143, p. 176) ; and as early as 1859 in *Pool* v. *Morris,* 29 *Ga.* 374 (74 Am. D. 68), we see the Supreme Court of this State applying the doctrine to a case involving estates in personalty, i. e., the merger of a life estate in slaves in the remainderman estate. However, the doctrine of merger should not be confused with that principle of the civil law known since the time of Justinian as novation. While the two doctrines may in fact obtain a similar result, the principles in their application are strik-

ingly different. In *Pitts Banking Co.* v. *Fenn,* 160 *Ga.* 854 (129 S. E. 105), cited by counsel for the plaintiff in error, it is said by the Supreme Court: "An absolute deed conveying land as security for a debt is a security of a higher nature than a mortgage for the *same debt* on the same premises, and when the mortgage is entered satisfied, and surrendered up because of the execution of such deed, the transaction operates as a *novation and amounts to a merger.*" (Italics by the court.) A novation under the rules of the civil law was and is today a mode of extinguishing one obligation for another (39 Am. Jur. § 1, p. 254), and is defined in the Code, § 103-202, as "any change in the nature or terms of a contract." It is clear that the *Fenn* case, supra, cited by counsel for the plaintiff in error as supporting his contention of merger is inapplicable under the facts of the instant case. The judgment lien held by Felder was the result of a suit on account and constituted a general lien on all of Bostwick's property, presently owned or subsequently acquired, until satisfied. The subsequent loan by Felder to Bostwick, secured by the bill of sale, was clearly not a contract either by its terms or by implication exchanging the judgment lien for a higher security in the form of the bill of sale. The judgment lien and the loan secured by the bill of sale were simply two separate and distinct transactions between the common parties. It is true, of course, that counsel does not contend that there has been a novation in this case. Counsel has merely cited as authority for merger a case which involves novation.

Let us, then, consider the question of merger of estates. What are the prerequisites of such a merger? The Code, § 85-710, states: "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." What quantity of interest in each of the two estates is necessary before there will be such a merger as provided for by the Code? The Code is silent upon this point. We are of the opinion, however, in view of the rulings of the Supreme Court of this State and of the rulings in other jurisdictions, that, if there is to be a merger of two estates, the person in whom the two estates unite must have an absolute *proprietary* interest in at least one of the two separate estates. An example of such a merger as we believe is intended by the statute would be where

one, owning in his own right and individual capacity a remainder-man's interest in certain property, secures the outstanding life estate in the same property, thereby merging the life estate, the lesser, in the remainderman's estate, the greater. The court has been unable to find any case in the books where there has been a merger of estates in the absence of a *proprietary* interest in one of the estates in the same property uniting in the same person. Such circumstances are not presented in the instant case. Felder accepted the bill of sale as security for a second loan which he had made to Bostwick, and obtained thereby only a *security* interest in the property covered by the bill of sale, such security interest being, of course, subject to the prior judgment lien in the absence of any stipulation to the contrary. This security interest, instead of being in itself a proprietary interest in the property, is but incidental to the ownership of the debt secured, and so long as that debt retains its identity the security will also retain a distinct identity. 5 Property A.L.I., § 497g. If the courts have ever permitted the merger of estates in one holding only security interests in the property as the result of two different debts, we must confess that it has escaped the attention of this court.

▪ Counsel for the plaintiff in error further requests a reversal of the judgment of the lower court upon the ground that Felder's acceptance of the bill of sale constituted a waiver of his judgment lien insofar as the property covered by the bill of sale is concerned. This position is untenable under the facts of this case. Felder's acceptance of the bill of sale can in no wise be said to have placed P. G. Bostwick in any more disadvantageous position than he occupied before, under the facts as they appear herein. The acceptance of the bill of sale took nothing from the judgment lien. This defense of waiver or estoppel, while as between Felder and Bill Bostwick might be available to Bill Bostwick—and upon this we are not called to express an opinion—is not legally available, under the circumstances of this case, to P. G. Bostwick. Bill Bostwick is not a party to this action, and P. G. Bostwick may not avail himself of those defenses which might be available to a stranger to the suit.

For the foregoing reasons the court did not err in overruling the grounds of the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*