35455. SOUTHERN COTTON OIL COMPANY *v.* HAMMOND *et al.*

CARLISLE, J. 1. Where, in an action upon a series of promissory notes, brought against the maker and endorser jointly, it appears that the endorsement is prima facie one of guaranty, the plaintiff may amend its petition by adding an allegation to show that the endorsement was in fact one of suretyship, as the apparent guarantor had not in fact signed the notes "for value received" but, rather, had signed in the capacity of an accommodation endorser, as no independent consideration flowed to such endorser. *Baggs* v. *Funderburke,* 11 *Ga. App.* 173 (2) (74 S. E. 937); *Etheridge* v. *Rawleigh Co.,* 29 *Ga. App.* 698 (116 S. E. 903); *Campbell* v. *Rybert,* 46 *Ga. App.* 461 (167 S. E. 924), and citations. And, where the original petition shows that the suit is against the maker and *"endorser,"* an amendment clarifying the capacity in which the endorser signed is particularly germane, and such an amendment in such a case is not objectionable as adding a new cause of action. See, in this connection, *Johnson* v. *Young,* 79 *Ga. App.* 276 (53 S. E. 2d 559), for a discussion of the rule on adding no new cause of action by amendment.
2. Where, in such a case as indicated in division 1, it appears from the allegations of the petition that, contemporaneously with the signing of the notes, the maker of the notes executed and delivered a deed to certain realty and personal property to secure the payment of the notes, and such deed provided that the power of sale contained therein was to be exercised by the grantee (the payee in the notes) at the option of the grantee upon default in payment of the notes; and it also appears that the deed to secure the debt recites that the grantor and grantee (the maker and payee of the notes) have entered into a seed-buying contract between themselves, by the terms of which all credits due the grantor by the grantee under the seed-buying contract shall be applied toward the payment of the notes, but the deed also provides that such seed-buying contract shall remain in force and effect and be canceled at the option of the grantee alone at any time—the fact that no such contract was actually entered into between the grantor and grantee in the security deed does not constitute a fraud upon the surety so as to relieve him of his liability on the notes; nor does such fact constitute a novation of the notes so as to relieve the surety of his liability thereon, for where, as in the present case, it does not appear that the surety relied upon the existence of such seed-buying contract as an inducement to sign as surety, there can be no fraud (*Garbutt Lumber Co.* v. *Walker,* 6 *Ga. App.* 189, 64 S. E. 698, and citations); nor could the failure to enter into the seed contract, which was cancelable at any time solely by the grantee in the security deed (the payee in the notes), constitute a novation of the notes, where it does not appear from the allegations of the petition that the security deed and seed-buying contract formed any part of the contract between the surety and the payee in the notes. Code § 103-202; *Bostwick* v. *Felder,* 73 *Ga. App.* 118, 120 (35 S. E. 2d 783).
3. In view of what has been said in divisions 1 and 2, the petition stated a cause of action against the defendant Hammond in his capacity as a surety, and the trial court erred in sustaining the defendant Hammond's demurrers and in dismissing the case as to him.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 2, 1955.

*Matthews, Maddox, Walton & Smith, Oscar Smith, Lawton & Cunningham, Julian C. Sipple, James B. Langford,* for plaintiff in error.

*Y. A. Henderson, Casper Wiseman,* contra.

Southern Cotton Oil Company brought an action against H. L. Miller and W. M. Hammond on a series of five promissory notes. The material allegations of the original petition are substantially as follows: Under date of February 2, 1948, H. L. Miller, as maker, and W. M. Hammond, as endorser, executed and delivered to the plaintiff five promissory notes, each for the principal sum of $2,000, and each bearing interest from date at the rate of six percent per annum. The first of the notes was to become due December 1, 1948, and one of the notes was to become due on December 1 of each year thereafter until paid. No payment has been made upon the interest or principal of the indebtedness. Copies of the notes, all alike in tenor, were attached to and made a part of the petition. Each note bears the following endorsement: "For value received, the endorser or endorsers on this note hereby guarantee the payment of the same at maturity or at any time thereafter with interest at the rate of 8 per cent per annum until paid, waiving demand, notice of non-payment, and protest. W. M. Hammond."

Contemporaneously with the execution and delivery of the notes, H. L. Miller, on February 2, 1948, executed and delivered to the plaintiff his warranty deed to secure the payment of the series of notes and conveyed to the plaintiff thereby certain described real estate and personal property. The security deed, a copy of which is attached to and made a part of the petition, was duly recorded in the office of the Clerk of the Superior Court of Gordon County. Under the terms of the security deed, it is provided that, if the grantor (Miller) fails to make any payment secured by the deed in full when due, all of the obligations secured by the deed shall become due and payable at once at the option of the grantee (Southern Cotton Oil Company), which shall have the right to proceed as if such indebtedness had matured in the normal and ordinary course. Default has been made in the payment of the note which became due on December

1, 1948, and of the note which became due on December 1, 1949; and on account of those defaults and in the exercise of its right and option contained in the deed, the plaintiff has declared each of the five notes due and payable. All of the notes were placed in the hands of the plaintiff's attorney at law for collection, and the plaintiff, by and through its attorney, on March 14, 1950, served a written notice upon Miller and Hammond as maker and endorser that the plaintiff had declared all the notes due and payable. In the same notice the plaintiff notified Miller and Hammond of its intention to file suit on the notes and to claim attorneys' fees. A copy of the notice is attached to and made a part of the petition. The total amount of said debt ($10,000) together with interest from February 2, 1948, is due and payable, and Miller, as maker, and Hammond, as endorser, fails and refuses to pay the same although demand has been made on them for payment. In addition to the prayer for judgment against the defendant for the amount due with interest and attorneys' fees, the plaintiff prayed for a special judgment setting up a lien in favor of the plaintiff as against the lands and personal property described in the security deed. It appears that the deed to secure debt attached to the petition contained the following provisions: "In consideration of this loan and contemporaneous with the signing of this instrument, the grantor has entered into a seed buying contract with the grantee and said seed buying contract is made a part hereof and its obligations are to be considered as obligations to be performed by the grantor under the terms of this deed. Credits accruing under this contract to remain with the grantee until sufficient credit is established to pay the note falling due. This seed buying contract to remain in force and effect at the option of the grantee during the life of this loan; the power to cancel during the existence of this loan is vested solely in the grantee, except the grantor is privileged hereunder to make payment in full at his option of all indebtedness to grantee and thereby cancel his obligation to operate under this seed buying contract. It is further agreed between the parties hereto that grantee will at all times have access to grantor's books of record covering the operation of his ginning and seed business, and grantee is further permitted to make frequent inspections of the gin property."

Following the defendant Hammond's demurrer to the petition, the plaintiff added the following allegations by amendment: At the time of the execution of the notes sued on and the deed securing the same, the plaintiff had no written contract with the defendant Miller with reference to the purchase of seed. Subsequently thereto and independently of the contract of February 2, 1948, the plaintiff entered into a written contract with Miller, a copy of which is attached to and made a part of the petition. The said contract, dated June 21, 1948, was independent of and has no connection with the amounts sued for in the original petition, and in order to settle the accounts of Miller which arose under the contract of June 21, 1948, the plaintiff, on April 26, 1949, closed out the contract by taking a promissory note on that date for $1,284.51, which note bears a credit of $221.45. The remainder due on that particular note is the principal and interest less the credit thereon. The plaintiff's accounts with Miller on that contract are independent of the notes sued on, and the amounts due under the seed contract are not sued for in the present action and in no way concern the defendant Hammond. Since the filing of this suit and in accordance with and under the powers set forth in the security deed, the plaintiff has sold the property described in the security deed to the highest bidder for $2,000, and the sale has been confirmed by order of court. Incident to the sale of the property, expenses of $15.50 were incurred, and when this is deducted from the sale price of the property, a credit of $1,984.50 should be placed upon the indebtedness sued for in this case.

The defendant Hammond demurred to the petition as amended upon various grounds, all of which were overruled. This court in *Hammond* v. *Southern Cotton Oil Co.*, 89 *Ga. App.* 79 (78 S. E. 2d 544) (which see) reversed the trial court upon the ground that, since the endorsement upon the promissory notes was prima facie a contract of guaranty and there was no allegation that the endorser had in fact signed in any other capacity, and since the suit purported to be one against the maker and his guarantor, jointly, the guarantor's demurrer upon the ground that he could not be so joined should have been sustained.

Following the decision of this court, the plaintiff again amended its petition by adding the following allegations: Ham-

mond signed the endorsement upon the promissory notes in a capacity other thán that indicated by the endorsement and received no consideration for signing them. Hammond's endorsements rested upon no independent consideration and were solely in consideration of the benefit to Miller and were made at the time the notes were executed. Hammond was merely an endorser for accommodation, and is a surety upon the notes.

Following the amendment, which was allowed subject to demurrer, the defendant Hammond renewed all his demurrers theretofore filed, and demurred to the petition and the amendment on additional grounds. The trial court sustained the demurrers and dismissed the petition, and the plaintiff has brought the present writ of error to have that judgment reviewed.