## 66076. LIFE CHIROPRACTIC COLLEGE, INC. v. CARTER & ASSOCIATES, INC.

POPE, Judge.

Appellee Carter & Associates, Inc. filed suit against appellant Life Chiropractic College, Inc. alleging that it (appellee) had acted as broker pursuant to the terms of a lease under which appellant had assumed the liability of the lessor to pay a brokerage commission to appellee. Both parties moved for summary judgment based upon a stipulation of facts. The trial court granted appellee's motion and appellant appeals.

The facts show that on June 23, 1978 appellant leased a portion of a warehouse from Citizens & Southern Realty Investors (hereinafter CSRI) for a term of 120 months. As a part of the lease agreement, appellee was awarded a commission for services rendered payable by the lessor CSRI. The lease provided: "The commission to be paid in connection with this transaction has been negotiated between Lessor [CSRI] and Broker [appellee] and Lessor agrees to pay Broker, as compensation for services rendered in procuring this lease, five percent (5%) of all base rentals paid under this lease, and Lessor, with consent of Lessee [appellant], hereby assigns to Broker aforesaid commission." The lease also provided that appellee would have a right to an additional commission if the lease were extended and that "[v]oluntary cancellation of this lease shall not nullify Broker's right to collect the commission due for the remaining term of this lease."

CSRI changed its name and became known as Southmart Properties. Southmart transferred the subject warehouse to Barclay Circle, Inc., who assumed the lease in question. Appellant then paid its rent to Barclay, and appellee continued to receive its commission. On May 12, 1981 appellant purchased the subject warehouse plus an additional warehouse from Barclay. Appellant executed an "Assignment and Assumption Agreement," thereby becoming not only the owner of the warehouses but also the landlord for itself and for the other lessees thereof. Appellant has collected rent from these other lessees and has paid the brokerage commission to appellee

where due. However, as of May 12, 1981 appellant has paid no rent to itself for the part of the warehouse it occupies and has paid no commission thereon to appellee.

1. Appellant asserts that there was a merger of its leasehold interest into the fee simple interest it purchased and, therefore, the rights and liabilities of the parties were extinguished by operation of law. In support of its position, appellant relies on OCGA § 44-6-2 (Code Ann. § 85-710) which provides: "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged into the greater." The term "estate" is defined as "the quantity of interest which an owner has in real or personal property." OCGA § 44-1-4 (Code Ann. § 85-104). Appellant, however, did not obtain an "estate" in the portion of the warehouse it rented pursuant to the terms of the subject lease. Rather, the lease provided: "This contract shall create the relationship of Lessor and Lessee between the parties hereto; no estate shall pass out of Lessor. Lessee has only a usufruct, not subject to levy and sale, and not assignable by Lessee except by Lessor's consent." Thus, appellant had only the right of possession and use of the leased premises, not a proprietary interest therein. See *Southern Airways Co. v. DeKalb County,* 216 Ga. 358 (116 SE2d 602) (1960); *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483 (3) (46 SE2d 894) (1948); see also OCGA §§ 44-6-101 (Code Ann. § 85-802); 44-7-1(a) (Code Ann. § 61-101); *Camp v. Delta Air Lines,* 232 Ga. 37 (205 SE2d 194) (1974). See generally *Evans Theatre Corp. v. DeGive Investment Co.,* 79 Ga. App. 62, 66 (52 SE2d 655) (1949). Since appellant's interest in the subject warehouse pursuant to the lease was not an "estate," but rather a mere usufruct, there was no merger of "estates" pursuant to OCGA § 44-6-2 (Code Ann. § 85-710) under the facts in this case. See generally *Bostwick v. Felder,* 73 Ga. App. 118, 120-1 (35 SE2d 783) (1945).

2. Appellant also contends that it is not liable for the commission on the premises it leased beyond the date it purchased the entire warehouse because the subject lease provided for a commission of "five percent (5%) of all rentals *paid* under this lease. . . ." (Emphasis supplied.) As the result of its purchase of the subject premises, appellant states, rent has not been paid to itself and none is owed. Thus, appellant argues, appellee can not recover any commission because no rent has been paid. This contention has no merit.

The record discloses that upon appellant's purchase of the subject warehouse, Barclay assigned to appellant all leases relating to the warehouse, and appellant assumed "any and all of the terms, covenants and conditions binding upon or of [Barclay] under the Assigned Obligations as scheduled [herein]." This schedule included

appellant's lease and, as noted earlier, the voluntary cancellation of appellant's lease would not nullify appellee's right to collect the commission due for the remaining term of the lease. Under these circumstances, appellant is liable to appellee for the commission due for the remaining term of the subject lease. Cf. *Utilities & Industries Corp. v. Carter & Assoc.,* 160 Ga. App. 361 (1) (287 SE2d 77) (1981); *Hunter v. Benamy Realty Co.,* 115 Ga. App. 829 (2) (156 SE2d 160) (1967).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1983 —
REHEARING DENIED SEPTEMBER 19, 1983 — ▮▮▮▮▮▮▮

*Frank B. Strickland, Donald F. Walton,* for appellant.
*Lewis N. Jones,* for appellee.