A97A0171. SPENCER v. KYLE REALTY COMPANY, INC.
(483 SE2d 639)

Judge Harold R. Banke.

Mark C. Spencer sued Kyle Realty Company, Inc. ("Kyle") for commissions, salary, reimbursement for tax contributions, prejudgment interest, and attorney fees. Kyle counterclaimed contending that Spencer had breached the parties' exclusive employment agreement by engaging in a side business of selling cars. Kyle sought to recover overpaid commissions, court costs, and attorney fees. The jury found against Spencer and in favor of Kyle. Although the jury awarded no money damages to Kyle on its counterclaim, it awarded attorney fees to Kyle. On appeal, Spencer enumerates five errors.

Viewed in the light most favorable to the verdict and judgment, the record reveals the following. *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990). Kyle is a real estate company specializing in leasing and managing retail properties in shopping centers. On October 27, 1986 and November 5, 1986, Spencer and Kyle's predecessor executed two documents comprising their employment agreement. The employment agreement provided for Spencer to receive an annual base salary of $20,000, an advance draw on commissions, and commission payments of 25 percent on all of Kyle's leases and sales. According to its terms, either party could terminate the agreement without cause upon 30 days written notice.

A new agreement, as reflected in a February 15, 1988 memoran-

dum, largely replaced the initial contract. Company president, Joseph H. Kyle, testified that he drafted the memorandum after Spencer and he negotiated the new terms. According to the new agreement, effective March 1, 1988, Spencer became an independent contractor and his salary and draw ceased. The new agreement afforded Spencer the opportunity to receive 50 percent commissions on leases where he was the procuring cause. The new agreement did not alter Spencer's entitlement to "over-the-term" commissions.

Subsequent to the memorandum, Spencer worked solely on a straight commission basis until he voluntarily terminated his relationship with Kyle effective December 18, 1988. After March 1, Spencer received 50 percent commissions on the leases on which he was the procuring cause. Kyle issued Spencer a W-2 tax form for the first two months of 1988, and a 1099 form for the remainder of 1988, consistent with a change from employee to independent contractor status. On his 1988 tax return, Spencer listed himself as an independent contractor on Schedule C, Profit and Loss from Business (for sole proprietorship). Spencer admitted that he never asked for a salary after the memorandum, despite seeing company president, Joseph Kyle, on nearly a daily basis. Spencer testified that the first time he ever requested a salary was when he filed suit.

The jury found against Spencer on all his claims. The jury rendered a verdict in Kyle's favor on its counterclaim but awarded "0.00" in damages, while awarding "10,000" for attorney fees and other expenses. *Held*:

1. In three enumerations, Spencer asserts several challenges to the award of attorney fees to Kyle on Count 2 of its counterclaim. See *Generali – U. S. Branch v. Owens*, 218 Ga. App. 584, 585 (2) (462 SE2d 464) (1995); OCGA § 13-6-11. Spencer objected to the injection of the issue of attorney fees at trial, contending that Kyle waived that claim by failing to assert it in the consolidated pretrial order. Spencer further objected to the trial court's permitting Kyle to reopen its case to present evidence of attorney fees, computed as $13,684.50.

Pretermitting an analysis as to whether as counterclaimant Kyle could recover attorney fees, or whether the trial court abused its discretion in allowing the evidence to be reopened, we find as a matter of law that Kyle was not entitled to recover attorney fees. The jury's verdict of zero on Kyle's counterclaim was a judgment for Spencer. *Meadows v. Douglas County Federal &c.*, 169 Ga. App. 150, 151 (1) (312 SE2d 169) (1983). An award of attorney fees in the absence of any finding of actual damages is improper as a matter of law. *Wade v. Culpepper*, 158 Ga. App. 303, 305 (279 SE2d 748) (1981). Accordingly, the judgment as to attorney fees must be reversed. *Hilltop Terrace, Ltd. v. Baker*, 261 Ga. 592, 593 (1) (408 SE2d 704) (1991) (judgment entered on contradictory verdict must be set aside).

2. The trial court properly denied Spencer's motion in limine to exclude evidence of his 1987, 1988, 1989 personal income tax returns. Because he withdrew his claim for reimbursement for unpaid employer tax contributions, Spencer asserts that the tax returns were introduced for the improper purpose of disclosing his financial circumstances to the jury. See, e.g., *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (402 SE2d 269) (1991). We disagree. The evidence was relevant and material to show whether Spencer regarded himself as a salaried employee or an independent contractor during the time period at issue. See OCGA § 24-2-1; *Livingston v. Barnett*, 193 Ga. 640, 651 (2) (19 SE2d 385) (1942).

3. Spencer claims that the trial court abused its discretion in denying his motion for new trial and entering the judgment. On appellate review, in the absence of a material legal error, a jury's verdict and the judgment entered thereon will not be disturbed if there is any evidence to support the verdict. *Professional Consulting Svcs. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992). The evidence adduced at trial showed that Spencer was paid as an independent contractor and his tax return for 1988 reflected the same. Spencer never requested a salary while associated with Kyle and delayed doing so for nearly four years after terminating the relationship.

Further, Spencer failed to prove with reasonable certainty the amount of damages purportedly due on unpaid commissions. See OCGA § 13-6-8; *Bennett v. Associated Food Stores*, 118 Ga. App. 711, 714-716 (2) (165 SE2d 581) (1968). Although Spencer claimed that Kyle owed him $26,887.93 in lease commissions, he failed to show the basis for his calculations. Spencer offered no evidence as to which leases remained in effect, which expired or were breached by the tenants. Spencer admitted he did not know whether any tenants had bankrupted, been evicted, or even paid their rent. Inasmuch as Spencer failed to prove his damages with reasonable certainty, and the evidence showing that Kyle paid some of the over-the-term commissions, the trial court did not err in entering judgment in Kyle's behalf. *Horan*, 197 Ga. App. at 153 (2).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 5, 1997.

*H. Darrell Greene & Associates, Paul Shimek III*, for appellant. *Wiles & Wiles, John J. Wiles, Lee B. Perkins*, for appellee.