## A97A0891. POST REALTY ASSOCIATES, INC. v. DSL ASSOCIATES et al.

(492 SE2d 600)

JOHNSON, Judge.

Post Realty Associates, Inc. sued DSL Associates and its partners (hereinafter collectively referred to as "DSL") for brokerage commissions allegedly due on a commercial lease contract. The case was tried by the court without a jury, and judgment was entered in favor of DSL. Post Realty appeals, and, for reasons which follow, we affirm.

The record shows that Post Realty procured Seven Oaks Academy, Inc. as a tenant for one of DSL's properties. DSL and Seven Oaks entered into a lease agreement for a five year term, "unless sooner terminated by the parties." The lease provided that it would automatically renew for two additional five year terms "[p]rovided Tenant is not in default. . . ." Pursuant to the lease, "[a]t the beginning of the third year of the lease, and on each anniversary year thereafter including any renewals and extensions of the terms hereof, the Base Annual Rental shall be adjusted by an additional charge equal to the product of the annual rental hereunder times the most recently published annual Consumer Product Index (CPI) rate as set by the United States Bureau of Labor Statistics, such increase not to be less than three percent (3%) nor more than six percent (6%) per year."

The commission paid under the lease was an amount equal to the first month's rent plus five percent of all rentals thereafter paid by Seven Oaks under the lease. According to the lease, "[i]f the term of this Lease is extended, or if a new Lease is entered into between [DSL] and [Seven Oaks] covering the leased Premises, or any part thereof, or covering any other premises as an expansion of, or substitute for, the premises herein leased," DSL agreed to pay commission payments equal to five percent of all rentals paid under such extension, amendment or new lease. The commission was to be divided evenly between Post Realty and Lavista Associates, Inc., the listing agent for DSL.

The evidence at trial showed that the lease commenced in September 1987 and expired on September 9, 1992. In August 1992, Post Realty received $205 in commission for Seven Oaks' May 1992 rent. This was the last commission payment received by Post Realty. Warren Post, secretary/treasurer for Post Realty, believed the lease was in default. Seven Oaks went into bankruptcy, by order of the bankruptcy court the lease was rescinded, and DSL was required to forgive $49,752 in rent. The bankruptcy judge then directed DSL to execute a new lease excluding the five percent commission payments. DSL acknowledged that a new lease was executed in approximately February 1993 and that Seven Oaks is still a tenant and still occupy-

ing the same space as described in the lease contract. DSL also acknowledged that it allowed Seven Oaks to occupy the premises for an unspecified period of time without paying rent.

The trial court entered judgment in favor of DSL, finding that Post Realty failed to introduce sufficient evidence to establish the amount of its damages, if any. Post Realty appeals.

1. Post Realty contends the trial court erred by not awarding damages in the amount of $205 per month since June 1992. We disagree.

It is axiomatic that Post Realty, as plaintiff, had the burden to prove the amount of any alleged damages with reasonable certainty. See *Spencer v. Kyle Realty Co.*, 225 Ga. App. 203, 205 (3) (483 SE2d 639) (1997); *Wipo, Inc. v. Cook*, 187 Ga. App. 7, 8-9 (1) (369 SE2d 306) (1988). Thus, while Post Realty contends DSL failed to produce any evidence of the bankruptcy action and failed to produce the alleged new lease, the trial court correctly ruled that it was Post Realty's obligation to show the court the amount of rent DSL received from Seven Oaks.

According to the lease, Post Realty was entitled to one-half of "five percent (5%) of all rentals thereafter *paid by* [Seven Oaks] under this Lease." (Emphasis supplied.) In addition, if a new lease was entered into or the original lease was extended or amended, Post Realty was entitled to one-half of "five percent (5%) of all rentals *paid to [DSL] by [Seven Oaks]* under such extension, amendment, or new Lease." (Emphasis supplied.)

Taking into consideration the possibility of a default, the lease specifically provided that the commission would be paid to Post Realty only when payment was collected from Seven Oaks. "It was thus necessary that [Post Realty] prove that [DSL] had been paid in order to show [its] entitlement to commissions. . . . The burden is on [Post Realty] to show both the breach and the damage, and this must be done by evidence which will furnish the [trier of fact] data sufficient to enable [it] to estimate with reasonable certainty the amount of damages. It cannot be left to speculation, conjecture and guesswork." (Citations and punctuation omitted.) *Wipo*, supra.

Although Post Realty claimed in its complaint that DSL owed it "2.5% of the monthly rental" and indicated that the amount due Post Realty "shall be determined at trial," an amount was not proven to a reasonable degree of certainty at trial. At trial Post Realty submitted a statement it prepared, which the court refused to enter as evidence, showing it was due $9,225, representing a commission payment of $205 per month. This evidence was in conflict with testimony at trial that there were months during which Seven Oaks did not pay rent and with lease provisions requiring annual rent increases in conjunction with the annual CPI rate. Furthermore, in an attachment to its

brief, which this Court cannot consider,[1] Post Realty indicates an amount due of $11,685 and an additional $2,133 in interest.

While Post Realty may have shown the trial court the basis for its calculations, it failed to take into account the fact that Seven Oaks failed to make some rent payments and that DSL had to write off a substantial amount of rent. Even though this evidence of default was introduced, Post Realty offered no evidence as to what payments were made to DSL by Seven Oaks. In addition, Post Realty admitted it believed Seven Oaks had defaulted, but objected to any evidence of bankruptcy and failed to show whether the default occurred prior to the automatic renewal provision. Contrary to Post Realty's contention, it was not DSL's obligation to produce evidence showing Post Realty's damages.

In his ruling, the trial judge correctly concluded that damages had not been proven with specificity sufficient to support a judgment in Post Realty's favor. Post Realty's reliance on *Life Chiropractic College v. Carter & Assoc.*, 168 Ga. App. 38 (308 SE2d 4) (1983), is misplaced. In *Life Chiropractic College*, the college purchased the building it was leasing and contended it no longer owed commission payments because it could not pay rent to itself. The issue was not whether rent payments had been made. Here, evidence established that Seven Oaks failed to make certain rent payments. Under the lease, DSL was only obligated to make commission payments on rentals paid by Seven Oaks.

Post Realty further argues that speculation of a new lease cannot eliminate its commission due under the original lease and that "it was incumbent upon appellee DSL to show a new contract existed for a lesser amount in order to decrease or mitigate the amount of damages of the breach." However, as stated above, it was Post Realty's burden to prove its damages in this case. The record shows that DSL introduced evidence that Seven Oaks was in default and that DSL was ordered by the bankruptcy court to write off an amount of rent due and to enter into a new lease with Seven Oaks. It was incumbent upon Post Realty to provide the trial court with figures which would enable the trial court to calculate Post Realty's damages with reasonable certainty. Whether these figures were ascertained through discovery prior to trial, through examination of witnesses from DSL or Seven Oaks, or through the introduction of bankruptcy court records, it was Post Realty's duty, *not* DSL's duty, to provide this evidence to the trial court.

---

[1] Attachments or exhibits contained in an appellate brief which do not appear in the transcript or record cannot be considered by this Court and cannot afford the basis for reversal of a trial court's judgment. See, e.g., *Crotty v. Crotty*, 219 Ga. App. 408, 410 (2) (465 SE2d 517) (1995).

In addition, contrary to Post Realty's argument, the record does not show that DSL "voluntarily acquiesced" the monthly rent. The trial court could properly have found from evidence in the record that Seven Oaks was in default and that the bankruptcy court ordered DSL to write off an unspecified amount and to enter into a new lease with Seven Oaks. The trial court did not err by allowing one of the named defendant partners to testify regarding the bankruptcy action filed by Seven Oaks. This original evidence was admissible to explain the conduct of DSL in writing off and accepting lower rent payments from Seven Oaks. See *Commercial Union Ins. Co. v. Smith*, 179 Ga. App. 734 (1) (347 SE2d 701) (1986). Moreover, the absence of bankruptcy court documentation goes to the weight and credit to be given the witness' testimony, not its admissibility. Furthermore, even if DSL did forgive any rent, DSL was not obligated to show the amount or duration of any non-payment of the rent. Once again, it was Post Realty's burden to prove its damages with reasonable certainty.

Inasmuch as Post Realty failed to prove its damages with reasonable certainty, the trial court did not err in entering judgment in DSL's behalf. See *Spencer*, supra. Furthermore, since Post Realty was not entitled to damages for the reasons stated above, the trial court did not err by refusing to award pre-judgment interest to Post Realty.

2. Post Realty contends the trial court erred by not striking the answer of DSL and by not granting Post Realty a default judgment because only one of DSL's partners, who were named as defendants in the action, appeared at trial and he did not have any knowledge regarding the affairs of DSL and Seven Oaks. However, the record does not reveal that Post Realty ever made a motion to strike DSL's answer or any other motion relating to this issue. This is a court for correction of errors below. In the absence of a ruling by the trial court, this Court has nothing to review. *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (1) (482 SE2d 536) (1997). In addition, Post Realty fails to cite any authority supporting its contention. See Court of Appeals Rule 27 (c) (2). Accordingly, we find this enumeration to be without merit.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 2, 1997.

James Mercier, *pro se.*
*Philip M. Castro*, for appellees.