40865. EASTERN AIR LINES, INC. v. JOINT CITY-COUNTY BOARD OF TAX ASSESSORS et al.
(315 SE2d 890)

GREGORY, Justice.

On June 8, 1961, Eastern Air Lines entered into a thirty-year

---

lease agreement with the City of Atlanta, under the terms of which Eastern has the use of hangar property located at Hartsfield Atlanta International Airport. On March 22, 1977, the parties entered into a second thirty-year agreement to lease fuel tanks located at the airport to Eastern. On September 1, 1981, the Joint City-County Board of Tax Assessors (Board) valued Eastern's interests in these properties in excess of ten million dollars for the purposes of ad valorem taxation. Eastern filed a written protest and demanded arbitration, arguing that the property interests created by the lease agreements are not subject to ad valorem taxation. The arbitrators rejected this argument and rendered a decision valuing Eastern's interests in the properties in excess of eight million dollars. Eastern appealed this decision to the Superior Court of Fulton County, maintaining the lease agreements conveyed usufructs only which are not taxable interests. *Whitehead v. Kennedy*, 206 Ga. 760 (58 SE2d 832) (1950). Both parties moved for summary judgment. The trial court denied Eastern's motion for summary judgment and granted the Board's motion. The trial court found the lease agreements conveyed estates for years which are subject to ad valorem taxation. *Delta Air Lines v. Coleman*, 219 Ga. 12 (131 SE2d 768) (1963). We reverse.

1. The Board is correct in pointing out that where, as here, the term of a lease is for a period greater than five years, a rebuttable presumption arises that the parties intended to create an estate for years rather than a usufruct. *Camp v. Delta Air Lines*, 232 Ga. 37 (205 SE2d 194) (1974); *Warehouses, Inc. v. Wetherbee*, 203 Ga. 483 (46 SE2d 894) (1948). See also OCGA § 44-7-1 (b). To resolve whether the presumption has been overcome in this case, we must examine the terms of the lease agreements and determine what interests the parties intended to convey. *Camp v. Delta Air Lines*, supra.

2. "The relationship of landlord and tenant is created when an owner of property grants to another person . . . the right simply to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor. In such a case no estate passes out of the landlord and the tenant has only a usufruct which may not be conveyed except by the landlord's consent and which is not subject to levy and sale." OCGA § 44-7-1 (a). In contrast, "[a]n estate for years is one which is limited in its duration to a period which is fixed or which may be made fixed and certain . . ." OCGA § 44-6-100 (a). "As applied to realty, an estate for years does not involve the relationship of landlord and tenant, in which relationship the tenant has no estate but merely has a right of use which is very similar to the right of a hirer of personalty." OCGA § 44-6-101. "An estate for years carries with it the right to use the property in as absolute a manner as may be done with a greater estate, provided that the property or the person who is entitled to the remainder or reversion interest is not in-

jured by such use." OCGA § 44-6-103.

3. The preamble to the lease agreement for the hangar property and the various amendments to this lease clearly state that "the City is agreeable to making [this] land available for *use* by Eastern." (Emphasis supplied.) Other provisions of the lease agreement indicate that Eastern's use of this property is subject to numerous restrictions. For example, the hangar property may be used incident to the operation of Eastern's business, but may not be used to load or unload passengers except in case of emergency. The agreement further restricts the circumstances under which Eastern may provide cafeteria facilities to its employees.

The agreement for lease of the fuel tanks clearly states its intent to "create only the relationship of landlord and tenant, and that no estate for years shall pass to" Eastern. Various provisions in this lease restrict the manner in which Eastern may use this property.

We conclude from our study of these leases that the City did not intend to convey to Eastern the "right to use [the properties] in as absolute a manner as a greater estate," OCGA § 44-6-103, but rather intended to convey "the right simply to possess and enjoy the use of such real estate." OCGA § 44-7-1 (a). Eastern's "subletting and assignment rights are restricted in a manner inconsistent with an estate for years which normally can be alienated without the grantor's consent. [Eastern] is required by the agreement to secure the city's approval before making improvements to the rented space and it may not erect signs or other advertising without city approval. In addition, [Eastern] is bound to obey all reasonable rules and regulations . . . as may be adopted by the city." *Camp v. Delta Air Lines*, 232 Ga. at 41.

4. The Board points out that "certain limitations" on the use of realty do not necessarily reduce the interest from an estate for years to a usufruct. *Warehouses, Inc. v. Wetherbee*, 203 Ga. 483, supra. The limitations in these agreements, however, are compatible with the interest conveyed by a usufruct, and incompatible with that conveyed by an estate for years. We are unable to distinguish this case from *Camp v. Delta Air Lines*, supra.

5. We hold these lease agreements granted to Eastern usufructs only which are not subject to ad valorem taxation. The trial court erred in granting the Board's motion for summary judgment and in denying Eastern's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 22, 1984.

*Gambrell & Russell, Theodore M. Forbes, Jr., Frederick G. Boynton, Thomas E. McCarter,* for appellant.

*Gary S. Walker, Marva Jones Brooks,* for appellees.