44283. ROBERTS et al. v. EASTERN AIR LINES, INC.
(357 SE2d 585)

SMITH, Justice.

The facts, as well as the legal question in this case are the same as set out and answered in *Eastern Air Lines, Inc. v. Joint City-County Bd. of Tax Assessors*, 253 Ga. 18 (315 SE2d 890) (1984). In *Eastern Air Lines*, supra at p. 20, this Court held that the appellee held only usufructs in the hangar property and fuel tanks being used by the appellee and thus these properties were not subject to ad valorem taxes. In writing the opinion, Justice Gregory set out in detail exactly why the appellee held only usufructs.

The hangar property and fuel tanks are located within the territorial limits of the City of Atlanta airport property.

This case involves the 1984 tax year. All parties agree that the appellee's interest in the hangar property and fuel tank property has not changed since the *Eastern Air Lines*, supra, decision. The bone of contention is an Act passed in 1983 by the Georgia General Assembly which amended Ga. L. 1933, p. 102, § 2.[1] The appellee contends that

---

[1] *Original Act.* "OCGA § 6-3-21. Acquisition, etc., of lands by counties, municipalities, etc., deemed for public purposes.

Any lands acquired, owned, leased, controlled or occupied by counties, municipalities, or other political subdivisions for the purpose or purposes enumerated in Code Section 6-3-20

274

its interests are usufructs as determined by this Court in *Eastern Air Lines*, supra. The appellants contend that the law was changed by the amendment referred to above. The amendment became the law on July 1, 1983 and the appellants, on the strength of the amendment, levied ad valorem taxes upon the hangar property and gas tank property for the year 1984.

The trial court, on August 18, 1986, granted the appellee's motion for summary judgment and denied appellant's motion. In granting the summary judgment, the trial court held that the appellee's interests were not taxable for the 1984 tax year. In so doing, the trial court pointed out that this Court had already held that the appellee's interest in the properties constituted usufructs and were thus not subject to ad valorem taxes. The trial court held that Ga. L. 1983, p. 647 had not made appellee's usufructs subject to ad valorem taxes. It ruled that if the 1983 Act was read so as to make the usufructs in public airport property taxable, it would violate the appellee's equal protection rights by drawing an arbitrary distinction between like interests by taxing the usufructs in public airport property while not taxing usufructs in other public property.

The trial court also held that if the 1983 Act was read as appellants desire, the subject matter of the Act would differ from the title of the Act in violation of Ga. Const., Art. III, Sec. V, Par. III.

The first point decided by the trial court can be set out as a question. Does Ga. L. 1983, p. 647, change the holding in *Eastern Air Lines*, supra, whereby the appellee's usufructs in public airport property are subject to ad valorem taxation? We think not and affirm.

The only difference between this case and the case as decided earlier is the 1983 amendment. Therefore, the only question is what change, if any, did this amendment make in the standing between these parties tax wise?

In reaching the conclusion that there was no change and there was never intended to be any change, we have to look at a series of

---

shall be and are declared to be acquired, owned, leased, controlled, or occupied for public, governmental, and municipal purposes. (Ga. L. 1933, p. 102, § 2; Code 1933, § 11-202)."

*Original Act as amended in 1983.* "OCGA § 6-3-21 (amendment emphasized). Any lands acquired, owned, leased, controlled, or occupied by counties, municipalities, or other political subdivisions for the purpose or purposes enumerated in Code Section 6-3-20 shall be and are declared to be acquired, owned, leased, controlled, or occupied for public, governmental, and municipal purposes; *provided, however, that with respect to facilities located on such lands, which are leased to, controlled or occupied by private parties, the interests created in such private parties, for the purpose of ad valorem taxation only, are declared not to be used for public, governmental, or municipal purposes and said resulting interests, regardless of the extent of such interest, whether possessory or an estate in land, are subject to ad valorem taxation; provided, further, that the underlying fee interest in such property which remains vested in the county municipality, or other political subdivision shall be deemed to be used for public, governmental, and municipal purposes.*"

events.

In *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 164 Ga. App. 864 (298 SE2d 544) (1982), the Court held that an interest granted by the City of Atlanta to a concessionaire on *airport property owned by the City in Clayton County* would not be subject to Clayton County ad valorem taxes because the interest constituted a usufruct. This decision became final in the Court of Appeals on December 17, 1982. In the January 1983 session of the General Assembly, the legislature amended Ga. L. 1933, p. 102, § 2, evidently to alleviate the problem presented in the Clayton County case. Both parties to this case contend that the amendment favors them. Appellants argue that it makes all usufructs taxable and the appellees contend that it was aimed to cure the Clayton County case problem only. The amended Act was used by appellants in tax levies for the first time in 1984. In 1985, the legislature amended the 1983 Act to include the following: ". . . *which lands are located outside of the territorial limits of the political subdivision that leases such lands*, . . ." (Emphasis supplied.)[2] This amendment cleared up any ambiguities as to the intent of the 1983 Act and supports the appellee's contention that the amendment in 1983 was aimed at the Clayton County case only. The Act as amended simply says that any interest that is created in private parties on lands located outside of the territorial limits of the political subdivision granting the interest is subject to ad valorem tax. Based upon the fact that the 1985 amendment was passed at the first opportunity the legislature had to do so, after the attempted use of the provision of the 1983 Act, and based upon the language of the 1985 amendment, it is apparent that the 1983 amendment was in answer to the Clayton County case of December 1982 only.

---

[2] *Amendment to 1983 Act.* "OCGA § 6-3-21. Acquisition, etc., of lands by counties, municipalities, etc., deemed for public purposes; effect on ad valorem taxation.

"Any lands accquired, owned, leased, controlled, or occupied by counties, municipalities, or other political subdivisions for the purpose or purposes enumerated in Code Section 6-3-20 shall be and are declared to be acquired, owned, leased, controlled, or occupied for public, governmental, and municipal purposes; provided, however, that with respect to facilities located on such lands, *which lands are located outside of the territorial limits of the political subdivision that leases such lands and* which are leased to, controlled, or occupied by private parties, the interests created in such private parties, for the purpose of ad valorem taxation only, are declared not to be used for public, governmental, or municipal purposes and said resulting interests, regardless of the extent of such interest, whether possessory or an estate in land, are subject to ad valorem taxation; provided, further, that the underlying fee interest in such property which remains vested in the county, municipality, or other political subdivision shall be deemed to be used for public, governmental, and municipal purposes. The municipality's interest in lands and the facilities located thereon located inside the territorial limits of a municipality which are owned by that municipality for the purposes enumerated in Code Section 6-3-20, are declared to be used for public, governmental, or municipal purposes and are not subject to ad valorem taxation. (Ga. L. 1933, p. 102, § 2; Code 1933, § 11-202; Ga. L. 1983, p. 647, § 1; Ga. L. 1985, p. 1649, § 1.)"

In other words, since the property in question in this case is owned by a political subdivision and is located within the territorial limits of the political subdivision, we find that the legislature did not intend to subject the usufructs to ad valorem taxation and we therefore affirm the trial court's ruling.

It is not necessary to go into the other enumerations of error. *Judgment affirmed. All the Justices concur.*

DECIDED JULY 9, 1987.

*Marva Jones Brooks, Gary S. Walker, Webb & Daniel, Harold T. Daniel, Jr.,* for appellants.

*Smith, Gambrell & Russell, Theodore M. Forbes, Jr., Frederick G. Boynton, Edward H. Wasmuth, Jr.,* for appellee.