**In re IONOSPHERE CLUBS, INC., Eastern Air Lines, Inc., and Bar Harbor Airways, Inc., d/b/a Eastern Express,**

**GAY CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**EASTERN AIR LINES, INC., Defendant.**

Bankruptcy Nos. 89–B–10448 (BRL), 89–B–10448 (BRL) and 91–B–10287 (BRL).

Adv. No. 92–9093A.

United States Bankruptcy Court, S.D. New York.

Sept. 25, 1992.

Glass, McCullough, Sherrill & Harrold by C. Walker Ingraham, Atlanta, Ga., Morrison, Cohen Singer & Weinstein by Lorraine S. Fields, New York City, for Gay Const. Co., Inc.

King & Spaulding by Daniel J. King, New York City, for Martin R. Shugrue, Jr., Chapter 11 Trustee.

MEMORANDUM DECISION ON PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

BURTON R. LIFLAND, Chief Judge.

Martin R. Shugrue, Jr., as Chapter 11 Trustee (the "Trustee") of Eastern Air Lines, Inc. ("Eastern"), and Gay Construction Co., Inc. ("Gay"), dispute whether Gay properly perfected certain mechanic's liens against Eastern's interests in the Hangar Facility (as hereinafter defined) and the CTSA property (as hereinafter defined) located at the William B. Hartsfield Atlanta International Airport ("Hartsfield Airport").

*I. Statement of Facts*

In 1961, Eastern entered into an agreement with the City of Atlanta, Georgia (the "Hangar Lease") for the use of certain property at Hartsfield Airport as a hangar facility (the "Hangar Facility"). In 1984, the Supreme Court of Georgia determined that Eastern's interest in the Hangar Facility was not subject to ad valorem real estate taxes because Eastern had been granted a usufruct, and not an estate for years, under the Hangar Lease. *Eastern Air Lines, Inc. v. Joint City–County Board of Tax Assessors*, 253 Ga. 18, 19–20, 315 S.E.2d 890, 892 (1984). Gay was not a party to that case. On October 10, 1988,

Eastern entered into a contract with Gay for certain improvements to the Hangar Facility, and Gay claims that it is currently owed $131,109 for work performed under the contract. On March 9, 1989 Eastern filed a petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). On March 10, Gay recorded a Claim of Lien against Eastern's interest and the City of Atlanta's fee interest in the Hangar Facility in the office of the Clerk of the Superior Court of Fulton County. Gay also filed a proof of claim and asserted that it held a valid lien against Eastern's interest and the City's fee interest in the Hangar Facility. Gay subsequently objected to the Trustee's motion to assume the Hangar Lease, but withdrew this objection after the Trustee placed $207,807.96 in a segregated account to protect Gay's rights, if any, in the Hangar Facility (the "Hangar Fund").

In May 1979, Eastern and the City of Atlanta entered into an agreement (the "CTSA Lease") for the use of certain property at Hartsfield Airport for use as a central terminal support facility (the "CTSA property"). On June 6, 1988, Eastern and Gay entered into an agreement for improvements to the CTSA property, and Gay alleges that it is owed $906,446 for work and materials supplied. After the Petition Date, Gay recorded a Claim of Lien against Eastern's leasehold interest and Atlanta's fee interest in the CTSA property with the Clerk of Clayton County. Gay also filed a proof of claim, asserting that it held a lien against Eastern's interest in the CTSA property.

On July 31, 1992, the Trustee moved to assume the CTSA Lease, and placed approximately 1.5 million dollars in a segregated account to protect Gay's rights, if any, in the CTSA property (the "CTSA Fund"). Eastern also moved to secure the ability to extend an option to purchase certain flight kitchen equipment located on the CTSA property (the "Kitchen Equipment") to the City of Atlanta. Gay alleges that its lien on the CTSA property also encumbers Eastern's interest in the Kitchen Equipment.

Both parties have filed motions for partial summary judgment. Gay seeks a determination that its liens against Eastern's interests in the Hangar Facility and the CTSA property are valid. If this Court determines that Gay has not perfected its liens, Gay alternatively requests that this Court impose a constructive trust or an equitable lien on the proceeds of any future transfer of Eastern's interests in the Hangar Facility, the CTSA property or the Kitchen Equipment.

Eastern opposes Gay's motion and in its own motion for partial summary judgment seeks a determination that (1) Gay does not have a perfected lien against Eastern's interest in either the Hangar Facility or the CTSA property; (2) Gay is not entitled to a constructive trust or an equitable lien with regard to the proceeds of the sale of any of Eastern's interests; and (3) that the Court issue a declaratory judgment that Gay's claimed liens against the City of Atlanta's fee interests in the Hangar Facility and CTSA property are extinguished because Gay failed to file suit within the time period prescribed by applicable Georgia law.

## II. Discussion of Law

The plaintiff and the defendant have each moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), which is made applicable to adversary proceedings in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 7056. Rule 56 provides that summary judgment shall be granted to the moving party if the court determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). Although certain material facts remain in dispute in this adversary proceeding, the parties have requested summary judgment only with re-

spect to those legal issues as to which there are no disputed issues of material fact.

■ It is well settled that Georgia law determines whether Gay has a valid lien in Eastern's interests in the Hangar Facility and the CTSA property. *Butner v. U.S.,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law.") Furthermore, Georgia law also governs the characterization of Eastern's interest in the properties because both are located in Georgia. *Sanyo Electric, Inc. v. Howard's Appliance Corp. (In re Howard's Appliance Corp.),* 874 F.2d 88, 94 (2d Cir.1989). Under Georgia law, a mechanic's lien cannot attach to a usufruct interest but can attach to the interests of a lessee who has an estate for years. *Jones v. E.I. Rooks & Son,* 78 Ga.App. 790, 793, 52 S.E.2d 580, 581–82 (1949); *In re Mikart, Inc.,* 9 B.R. 144 (Bankr.N.D.Ga.1981). Therefore, at the outset, this Court must determine whether Eastern's interests in the Hangar Facility and the CTSA, respectively, are usufructs or estates for years.

■ The Georgia Supreme Court, in deciding that Eastern's interest in the Hangar Facility was a usufruct, noted that under Georgia law:

> The Relationship of landlord and tenant is created when an owner of property grants to another person … the right simply to possess and enjoy the use of such real estate, either for a fixed time or at the will of the Grantor. In such a case, no estate passes out of the landlord and the tenant has only a usufruct which may not be conveyed except by the landlord's consent and which is not subject to levy and sale.

*Joint City–County,* 253 Ga. at 19, 315 S.E.2d at 891–92, quoting O.C.G.A. § 44–7–1(a). Under Georgia law a lease of five years or more, such as the Hangar and CTSA Leases, grants an estate of years unless the terms of the agreement restrict the lessee's interests to a usufruct. *Mikart,* 9 B.R. at 147. (citation omitted) To determine what interest the City of Atlanta granted to Eastern in the respective leases,

this Court must 'scrutinize' the terms of those leases. *Camp v. Delta Air Lines, Inc.,* 232 Ga. 37, 39, 205 S.E.2d 194, 196 (1974). The parties agree that while this Court is not bound by the Georgia Supreme Court's analysis and characterization of the Hangar Lease, *see Joint City–County,* 253 Ga. at 19–20, 315 S.E.2d at 891–92, that decision is nevertheless instructive because it sets forth those elements which distinguish a grant of a usufruct interest from a grant of an estate for years. *Id.* These include restrictions on subletting and assignment rights, the requirement that the tenant receive the landlord's approval before making any improvements to the property or erecting any signs, and the tenant's promise to obey all reasonable rules and regulations promulgated by the landlord. *Id.; see also Camp,* 232 Ga. at 41, 205 S.E.2d at 195–96. The Hangar Lease contains these limitations at Article XII, Article VIII, and Article II.B, respectively.

The CTSA Lease also contains those restrictions which are the hallmarks of a grant of a usufruct interest. The CTSA Lease provides that Eastern may not convey its interest without the consent of the City of Atlanta, its landlord, and must receive Atlanta's approval prior to making any improvements or erecting any signs. CTSA Lease, as amended September 7, 1980, §§ 1201, 301.1, 402. The CTSA Lease also provides that Eastern's use and occupancy of the CTSA property is subject to the "valid rules and regulations as are now or may hereinafter be prescribed" by the City of Atlanta. *Id.* § 1501.

■ Therefore, Eastern holds a usufruct interest in the Hangar Facility and the CTSA property, respectively, and Gay's liens could not attach to this interest. Because the Court reaches this conclusion, it need not determine whether Gay timely filed certain Notices and Claims of Liens, or whether the liens, if they had attached, could have been avoided by the Trustee.

■ Gay also requests that this Court impose a constructive trust on any proceeds generated by the sale of Eastern's interests in the Hangar Facility and the

CTSA property. It is well established that Georgia law controls, *Jaffke v. Dunham*, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314 (1957) (constructive trusts are established pursuant to state law), and that under Georgia law:

> A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity.

O.C.G.A. § 53–12–93. Gay does not allege that Eastern committed any fraud. Gay does claim that the value of Eastern's interests in the Hangar Facility and the CTSA property were enhanced by Gay's improvements and that failure to impose a constructive trust would violate equitable principles. Gay relies upon *First Bullock Bank and Trust Co. v. Inca Materials, Inc. (In re Inca Materials, Inc.)*, 880 F.2d 1307 (11th Cir.1989), *United Parcel Service, Inc. v. Weben Industries, Inc.*, 794 F.2d 1005 (5th Cir.1986) and *Cutler–Hammer, Inc. v. Wayne*, 101 F.2d 823 (5th Cir.), *cert. denied*, 307 U.S. 635, 59 S.Ct. 1031, 83 L.Ed. 1517 (1939), as support for its position. However these cases are easily distinguishable from the instant adversary proceeding.

In *Cutler–Hammer* and *United Parcel Service* the Fifth Circuit impressed constructive trusts, for the benefit of laborers and subcontractors, respectively, upon funds deposited by the owners of property into the bankruptcy courts which had jurisdiction over the respective general contractor's estates. *Cutler–Hammer*, 101 F.2d at 825; *United Parcel Service*, 794 F.2d at 1010–1011. In the instant case, Gay was the general contractor, not a subcontractor. As such, Gay dealt directly with Eastern and had numerous opportunities to determine whether Eastern held unencumbered interests which were susceptible to a mechanic's lien. For example, even a cursory review of Eastern's interests in the CTSA property would reveal that a mechanic's lien might not attach to Eastern's interest because the CTSA Lease, as amended September 7, 1980, provided that:

> It is intended, however, that this Agreement shall create only the relationship of landlord and tenant and that no estate for years or otherwise shall pass to lessee.

CTSA Lease, as amended, § 101. Therefore, Gay may not claim that it was in the same position as a subcontractor who has neither the resources nor opportunity to determine whether a lien could attach to any interests in realty. Therefore, in as much as the *United Parcel Service* and *Cutler–Hammer* decisions relied upon the "owner's duty to insure that the subcontractors get paid," which, the Court notes, is "firmly rooted in Georgia law[,]" these cases are inapplicable. *United Parcel Service*, 794 F.2d at 1010. As *First Bullock Bank and Trust* also involves the rights of a subcontractor, and heavily relies upon the reasoning of *United Parcel* and *Cutler–Hammer*, it is also inapplicable. *First Bullock Bank and Trust*, 880 F.2d at 1311.

This Court declines to expand the scope of a constructive trust under Georgia law, *see Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 79, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) (when a federal court applies state law, "the authority and only authority is the State, and if that be so, the voice adopted by the State as its own [whether it be of its legislature or of its Supreme Court] should utter the last word.") (quoting *Black and White Taxicab Co. v. Brown and Yellow Taxicab Co.*, 276 U.S. 518, 535, 48 S.Ct. 404, 409, 72 L.Ed. 681 (1928) (Holmes, J., dissenting)), and concludes that Gay is not entitled to a constructive trust with regard to any proceeds generated by any future sale or transfer of Eastern's interests in the Hangar Facility, the CTSA property or the Kitchen Equipment.

■ Nor is Gay is entitled to an equitable lien against Eastern's interests. Under Georgia law, equitable liens are available only in unusual circumstances, such as fraud, *United States Fidelity and Guaranty Co. v. Leach (In re Merts Equipment Co.)*, 438 F.Supp. 295, 298 (M.D.Ga.1977) (citations omitted), or when a plaintiff's

failure to perfect a statutory lien is attributable to the party against whom the lien is sought to be enforced. *P.P.G. Industries, Inc. v. Hayes Construction Co.*, 162 Ga. App. 151, 152, 290 S.E.2d 347, 348 (1982). As previously noted, Gay has not claimed that Eastern has committed fraud. Furthermore, this Court notes that Gay's inability to perfect its mechanic's lien under Georgia Code § 44–14–361 is not due to any act of Eastern. Gay's failure to perfect is due to the nature of Eastern's interests in the Hangar Facility and the CTSA property, and Gay's inability to determine the nature of these interests. Therefore, Gay does not have any claim or lien with respect to the Hangar Fund, the CTSA Fund, or any proceeds from a future transfer of the Kitchen Equipment to the City of Atlanta.

As Gay admits that it has not taken any action to enforce its alleged liens against the City of Atlanta's fee interests in the Hangar Facility and the CTSA property, and that such liens have been extinguished, this legal issue is no longer in dispute. Reply of Gay to Amended Counterclaim of Eastern ¶ 44, 52.

Therefore, in view of the foregoing, Eastern's motion for partial summary judgment is granted, and Gay's motion is denied, with respect to Counts I and II of Gay's Complaint and Counts I and II of Eastern's Counterclaim. Gay's motion is denied, and Eastern's motion is granted, with respect to Counts III and IV of Gay's Complaint and Counts III and IV of Eastern's Counterclaim, to the extent that Eastern's counterclaims relate to Gay's requests for equitable relief. Eastern's motion with respect to Counts III and IV of its Counterclaim is denied to the extent that these counterclaims relate to Gay's extinguished lien against the City of Atlanta's fee interests in the Hangar Facility and the CTSA property.

Submit an order consistent with the foregoing.