A09A0374. 10950 RETAIL, LLC v. CITY OF JOHNS CREEK.
(682 SE2d 637)

DOYLE, Judge.

10950 Retail, LLC, d/b/a Love Shack ("Love Shack") appeals from various orders entered in the Superior Court of Fulton County in relation to the City of Johns Creek's complaint for injunctive and

---

declaratory relief, in which the City sought to enjoin operation of the Love Shack's retail business. Finding no error below, we affirm.

On November 29, 2006, Love Shack opened its business located in an area that was incorporated into the City of Johns Creek on December 1, 2006.[1] On January 23, 2007, Love Shack applied under the City's ordinances for a business license, which also is known as an occupational tax certificate. Love Shack responded in the negative to a question on the application regarding whether it was an adult business, and Love Shack did not apply for a sexually oriented business license under the City's ordinances.

The City issued a written notice of intent to deny Love Shack's business license application, and a hearing occurred before a City hearing officer on the matter on April 2, 2007, at which the City presented numerous exhibits in support of its contention that Love Shack was a sexually oriented business. On April 30, 2007, the hearing officer issued a written decision finding that Love Shack was (a) a sexually oriented business pursuant to the definitions in the City's ordinances; (b) located in a zoning district in which sexually oriented businesses were prohibited; and (c) located too close to residential areas. Love Shack did not appeal or seek certiorari in superior court over the hearing officer's determination, and the business continued to operate without a City-issued business license.

Thereafter, on June 22, 2007, the City filed the instant complaint, asking for a declaratory judgment that Love Shack was operating in derogation of the City ordinances attached to the complaint and that such operation was a nuisance, and the City asked the trial court to issue temporary, preliminary, and permanent injunctive orders preventing Love Shack from operating in violation of the ordinances. In its answer, Love Shack contended that the relief sought was unavailable to the City because the ordinances violated the First Amendment and Article I, Section I, Paragraph V of the Georgia Constitution.

The City filed a motion for summary judgment, which the trial court granted on February 28, 2008, finding that Love Shack was collaterally estopped from arguing the findings made by the hearing officer or the constitutionality of the ordinances because the business failed to file a writ of certiorari from the hearing officer's determination. The trial court enjoined Love Shack from operating its store without first obtaining a business license, and the court

---

[1] Prior to December 1, 2006, the area was located in unincorporated Fulton County. Love Shack did not have a Fulton County business license, and a federal district court determined that the business was operated in violation of various Fulton County business and zoning ordinances. See *10950 Retail, LLC, d/b/a Love Shack v. Fulton County, Georgia*, No. 06-0923 (N.D. Ga.; decided on March 28, 2008).

permanently enjoined Love Shack from operating a sexually oriented business at its current location. Love Shack continued to operate, however, and the City moved the court to find Love Shack in contempt of the February 28 injunction. Love Shack also applied for a 2008 business license, but not for a sexually oriented business, and the City did not issue the license. Based on the fact that Love Shack continued to operate without holding the proper license, on March 28, 2008, the trial court found Love Shack in contempt of the February 28 injunction. This appeal followed.

1. First, Love Shack argues that the trial court erred by finding that collateral estoppel barred it from arguing that the City's ordinances are unconstitutional. Specifically, Love Shack contends that collateral estoppel does not apply because the issue of constitutionality was not litigated below, and the issue of constitutionality was not a necessary determination for the hearing officer's decision to deny Love Shack a business license.

While we agree with Love Shack's argument that collateral estoppel does not preclude the constitutional arguments made to the trial court, we affirm the trial court's ruling because Love Shack is barred from making its constitutional arguments in this proceeding.[2] The remedy for correcting errors made by a municipal officer acting in a judicial proceeding is to apply for certiorari with the superior court.[3] Parties who choose not to follow this procedure are barred from seeking relief by filing a new action in superior court, even if they are arguing constitutional violations by the municipality.[4] Thus, Love Shack has waived its challenge to the constitutionality of the City's ordinances with regard to the denial of its 2007 business license (upon which the City's current claims are based) because Love Shack failed to follow the proper procedure by seeking certiorari review of the hearing officer's determination.[5]

---

[2] See *Richardson v. Ga. Farm &c. Ins. Co.*, 297 Ga. App. 769, 771 (2) (678 SE2d 348) (2009) ("a grant of summary judgment will be affirmed if it is right for any reason") (punctuation omitted).

[3] See *City of Cedartown v. Pickett*, 193 Ga. 840, 843 (2), (3) (20 SE2d 263) (1942). This procedure applies only to municipal officials acting in a judicial or quasi-judicial function, rather than municipal officers taking action via legislative power. Id. at 842 (1). Love Shack does not dispute that the hearing officer acted in a judicial function rather than legislative function in denying the business license, and it is clear that the action was of a judicial nature because both sides were represented by attorneys at the hearing and were able to present evidence and arguments in support of their positions. Id.

[4] See id. at 843 (3).

[5] See *DeKalb County v. Post Properties*, 245 Ga. 214, 217 (1) (263 SE2d 905) (1980) ("[a] constitutional attack on a zoning classification cannot be made for the first time in the superior court"); *City of Cedartown*, 193 Ga. at 843 (2), (3) (holding that even questions of constitutionality must be reviewed on appeal by applying for certiorari with the superior court and may not be challenged via a separate lawsuit); *Mack II v. City of Atlanta*, 227 Ga. App. 305, 310 (2) (489 SE2d 357) (1997) (holding that argument that hearing denied appellant due process was

Love Shack also contends that because it raised the issue of constitutionality as an affirmative defense, the City did not meet its burden at summary judgment by proving that its ordinances were constitutional. We find this argument unpersuasive. As set forth above, Love Shack waived its right to challenge the constitutionality of the relevant ordinances by failing to file a certiorari petition. Thus, the City had no burden of proving constitutionality of the ordinances on summary judgment.

2. Love Shack also contends that because the business license constitutes a one-year property right, the City is precluded from seeking injunctive relief in 2008 (or 2009) over a license denied in 2007. Love Shack cites *Inserection, A Fantasy Store v. City of Marietta*[6] in support of its proposition that the City's complaint was moot based on an expired property right; however, that case is inapposite. In *Inserection*, the Supreme Court of Georgia determined that the *appeal* from an injunctive order closing a business was moot because of the expiration of the period of time for which the business license in question applied.[7]

Here, however, Love Shack has never held a proper business license to operate its store, and in addition to the denial of a 2007 business license, evidence was presented to the trial court that Love Shack was denied a 2008 business license before the trial court issued its contempt order. Thus, no one-year property right has come into existence in this case because no business license has been bestowed on Love Shack. Should we adopt Love Shack's reasoning and bar the City from obtaining injunctive relief, the City would be perpetually unable to enforce its ordinances because Love Shack could continue to operate without ever obtaining a business license, which would be an absurd result.

3. Finally, Love Shack argues that the trial court erred by not ruling on and not granting its motion to continue summary judgment (as contained in its Rule 56 (f) affidavit) so that it could compel discovery from the City. In support of the proposition, Love Shack cites to *McCall v. Henry Med. Center*,[8] in which we held that the trial court erred in not considering the appellant's motions to compel and to defer ruling on the appellee's motion for summary judgment. That case, however, is procedurally distinguishable from the instant case. In *McCall*, we reversed the grant of summary judgment based on the trial court's stated reasoning and declined to affirm for any reason

---

not properly raised in proceeding and should have been addressed by trial court on review of writ of certiorari); *Soerries v. City of Columbus*, 222 Ga. App. 745, 746 (476 SE2d 64) (1996).

[6] 278 Ga. 170 (598 SE2d 452) (2004).

[7] See id. at 171 (1).

[8] 250 Ga. App. 679, 685 (2) (551 SE2d 739) (2001).

because, at the time summary judgment was granted by the trial court, the appellants had filed motions to compel arguably discoverable evidence.[9] Here, based on our holding in Division 1, this enumeration has been rendered moot.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2009 —
RECONSIDERATION DENIED JULY 30, 2009

*Cary S. Wiggins*, for appellant.

*Riley, Lewis & McLendon, William F. Riley, Jr., Andrew A. Lewis, Eric A. Brewton*, for appellee.