A11A1314. HOST INTERNATIONAL, INC. v. CLAYTON COUNTY et al.
(715 SE2d 805)

ELLINGTON, Chief Judge.

Host International, Inc. ("Host") brought this action in the Superior Court of Clayton County against the county, its Board of Commissioners, and the commissioners in their official capacities (collectively, "the county"), seeking a refund of ad valorem taxes Host paid the county for the years 1999-2005.[1] Host alleged that it has a usufruct (that is, a mere possessory interest that is not an estate in land) in the subject property, which it leases at the Hartsfield-Jackson Atlanta International Airport for the purpose of operating food and beverage concessions; that usufruct interests in

---

[1] See OCGA § 48-5-380 (c) ("Any taxpayer whose claim for [a] refund [of any taxes paid to a county or municipality] is denied by the governing authority of the county or municipality . . . shall have the right to bring an action for a refund in the superior court of the county in which the claim arises.").

property generally are not subject to ad valorem taxation; and that the Code section upon which the county relies for assessing and collecting such taxes, OCGA § 6-3-21,[2] is unconstitutional.

The county moved to dismiss, contending, inter alia, that Host's claims are barred under the doctrine of collateral estoppel. The trial court found that it had resolved in previous litigation concerning a different tax year the issue of the county's right to tax Host's usufruct interest. Based on this, the court determined that Host's claims are barred under the doctrine of collateral estoppel and granted the county's motion. On appeal, Host contends that, in the previous litigation, the trial court did not decide on the merits whether OCGA § 6-3-21 is constitutional and, therefore, that litigation of that issue is not precluded in the case at bar. For the reasons explained below, we vacate the trial court's ruling and remand.

1. As an initial matter, we consider the procedural posture of this case and the applicable standard of review. OCGA § 9-11-12 (b) provides in pertinent part that

> [i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56[.]

Because the trial court considered matters outside the pleadings in this case, including the pleadings and judgment in *Host Intl. v. Clayton County Board of Tax Assessors* (Civil Action No. 1998-CV-3404-8) (*"Host I"*), we will treat the appealed order as one granting summary judgment to the county. *Fernandez v. WebSingularity*, 299 Ga. App. 11, 13 (1) (681 SE2d 717) (2009).[3] "We review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party." (Footnote omitted.) Id.

2. Host contends that, in *Host I*, which concerned its application for a refund of ad valorem taxes it paid for 1997, the trial court did

---

[2] OCGA § 6-3-21 provides, in pertinent part, that any land that is owned, controlled, or occupied by a municipality for the operation of an airport; located outside of the territorial limits of the municipality; and leased to, controlled, or occupied by a private party is, "regardless of the extent of [the private party's] interest, whether possessory or an estate in land, . . . subject to ad valorem taxation[.]"

[3] *Fitzpatrick v. Harrison*, 300 Ga. App. 672 (686 SE2d 322) (2009) (Where a defendant moved to dismiss, arguing that the plaintiff's claims were barred by the doctrine of collateral estoppel, and where the trial court considered matters outside the pleadings in ruling upon the motion, including the pleadings from earlier litigation, the motion to dismiss was converted into a motion for summary judgment.).

not decide on the merits Host's claim that OCGA § 6-3-21 is unconstitutional. As a result, Host contends that the trial court erred in ruling that Host is precluded from claiming that the statute is unconstitutional in the case at bar.

The doctrine of collateral estoppel or issue preclusion bars

> the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided.

(Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866-867 (2) (463 SE2d 5) (1995).[4]

(a) In response to Host's contention that the issue of whether OCGA § 6-3-21 is constitutional was not decided in *Host I*, the county argues that the trial court decided that issue on the merits when it found that Host had not supported its constitutionality arguments with any binding legal authority.

In *Host I*, the trial court ruled that, even if Host's interest in the subject property is merely a usufruct or possessory interest,[5] which is

---

[4] See also *Thomas County Bd. of Tax Assessors v. Thomasville Garden Center*, 277 Ga. App. 591, 593-594 (2) (627 SE2d 192) (2006) ("[Georgia's] appellate courts have followed the lead of the United States Supreme Court in deciding the circumstances under which collateral estoppel will or will not apply. . . . [I]n the context of tax disputes, the U. S. Supreme Court has held that the purpose of collateral estoppel is to prevent redundant litigation of the same question of a statute's application to the taxpayer's status.") (citations and punctuation omitted).

[5] OCGA § 44-7-1 (b) ("All renting or leasing of real estate for a period of time less than five years shall be held to convey only the right to possess and enjoy such real estate, to pass no estate out of the landlord, and to give only the usufruct unless the contrary is agreed upon by the parties to the contract and is so stated in the contract."). In this case, the contract expressly provides that Host's rights constitute a usufruct, with no estate passing out of the city.

otherwise not a taxable estate,[6] OCGA § 6-3-21 by its plain terms authorizes the county to assess and collect ad valorem taxes for the subject property, which is owned by the City of Atlanta, located outside of the territorial limits of Atlanta, part of the airport, and leased and occupied by a private party (Host).[7] The court then held as follows:

> In [Host's] Response to [the county's] Cross-Motion for Summary Judgment, [Host] argues that OCGA § 6-3-21 is unconstitutional. However, to assert a constitutional issue before the superior court in a de novo appeal, [the] appellant must have timely raised the issue before the board of equalization. *Vann v. DeKalb County Board of Tax Assessors*[,] 186 Ga. App. 208, 214 [(2) (367 SE2d 43)] (1988). Here, although there is no record in the file of what transpired at the Clayton County Board of Equalization hearing, [Host] did not include any constitutionality arguments in its Notice of Appeal [to the superior court] of May 26, 1998. It appears that [Host] argued unconstitutionality of the law for the first time in its response brief on appeal. Thus, the argument is not timely.
>
> Moreover, even if the argument had been timely, [Host] attempts to rely on an order by the Fulton County Superior Court which was appealed to the Georgia Supreme Court in *Roberts v. Eastern Airlines*, 257 Ga. 273 [(357 SE2d 585)] (1987). The Fulton County order is not binding precedent, and it should be noted that the Georgia Supreme Court does not address any of the constitutionality issues on which the lower court focused.

Pretermitting whether the trial court even had jurisdiction to rule on Host's belated constitutionality challenge to OCGA § 6-3-21 in *Host I*, absent a waiver of any procedural bar by the county, we conclude that untimeliness was the basis of the court's ruling on Host's constitutionality argument. Consequently, contrary to the county's position, the concluding paragraph, wherein the court commented hypothetically on whether Host's argument would have had merit "if" it had been timely raised can only be construed as obiter dictum and not a ruling on the merits. *Royal Arcanum v. Riley*, 143 Ga. 75,

---

[6] See OCGA § 48-5-3 (defining "taxable property" as "[a]ll real property including, but not limited to, leaseholds, interests less than fee, and all personal property"); *Macon-Bibb County Bd. of Tax Assessors v. Atlantic Southeast Airlines*, 262 Ga. 119 (414 SE2d 635) (1992) (A usufruct is not a taxable interest in land.).

[7] See OCGA § 6-3-21, quoted in note 2, supra.

79-80 (2) (84 SE 428) (1915); *Piggly Wiggly Southern v. Eastgate Assoc.*, 195 Ga. App. 10, 12 (392 SE2d 337) (1990).

(b) In addition, the county argues that, in *Host I*, the trial court decided the issue of "taxability" and that the issue is identical in the case at bar. This argument also lacks merit. The issue of whether a Code section by its terms applies in a given situation is not identical to the issue of whether the statute is constitutional.[8] Because, in *Host I*, the trial court only decided that OCGA § 6-3-21 applies to Host's interest and did not decide on the merits whether the statute is constitutional, Host is not precluded from litigating the constitutionality issue in the case at bar, and the trial court erred in ruling otherwise. Accordingly, we vacate the judgment and remand for further proceedings.

*Judgment vacated and case remanded. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 16, 2011 —

*Sutherland, W. Scott Wright, Jennifer N. Ide, Madison J. Barnett*, for appellant.

*Freeman, Mathis & Gary, Jack R. Hancock, Brian R. Dempsey*, for appellees.

---

[8] See *10950 Retail v. City of Johns Creek*, 299 Ga. App. 458, 460 (1) (682 SE2d 637) (2009) (Collateral estoppel would not bar a taxpayer's challenge to the constitutionality of a statute where the parties did not litigate the issue of constitutionality in an earlier proceeding before a hearing officer on the taxpayer's application for a business license.); see also *Neeman v. Commissioner of Internal Revenue*, 255 F2d 841 (2d Cir. 1958) (A court's determination that, under the Code, alimony payments were taxable as income to the recipient did not constitute a ruling that the statute was constitutional, and, consequently, did not bar consideration of the taxpayer's challenge to the constitutionality of the statute in later litigation.).