WAREHOUSES INC. *v.* WETHERBEE et al.

THE GENERAL TIRE & RUBBER CO. *v.* WETHERBEE

*et al.*

Nos. 16088, 16096.   FEBRUARY 10, 1948.   REHEARING DENIED MARCH 19, 1948.

*Mitchell & Mitchell,* for Warehouses Inc.

*Sutherland Tuttle & Brennan* and *Norman Stallings* for General Tire & Rubber Company.

*Alston, Foster, Sibley & Miller* and *A. C. Corbett,* for Wetherbee et al.

JENKINS, Chief Justice.   Before construing any specific provision of the lease, it may prove helpful to look to certain general characteristics of the instrument as a whole, which, we think, are indicative of the true intent of the parties with respect to the interest passed thereunder.   For example, the instrument does not contain a provision specifically limiting the interest conveyed to a mere usufruct, as might have been done had the parties seen fit so to provide.   The instrument is termed an "agreement of lease;" the parties are referred to throughout as "lessee" and "lessor."   The later part of the lease contains a provision that the word "lessee" as used therein shall include the successor and assigns of General Tire & Rubber Company (the lessee); the lessee's interest is referred to as a "leasehold interest," and the period of the lease is referred to as the "term;" and in the granting clause and throughout the instrument the term "demised premises" is used.   With respect to the meaning of these terms, it is provided by the Code, § 20-704 (2), that "Words generally bear their usual and common signification; but technical words, or words of art, or used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning."   As has already been pointed out in division 3 (a) of the syllabus, the Code, § 85-806, declares that "When one grants to another an estate for years out of his own estate, reversion to himself, it is usually termed a lease."   The word "demised" is defined by Bouvier's Law Dictionary (Century Ed.) as "A conveyance, either in fee, for life, or for years;" and also as "A lease or a conveyance for a term of years."   The same authority defines the word "terms," as used in the lease, as "The limitation of an estate: as a term for years, and the like.   The

word *term* does not merely signify the term specified in the lease, but the estate, also, and interest that passes by that lease." While it is recognized, of course, that the use of the above-defined words and phrases is not conclusive as to the intention of the parties yet, when they are given their peculiar technical meaning, they are not only consistent with the prima facie presumption that an estate for years was created under such lease, but they are also inconsistent with an interest less than an estate.

Turning now to a consideration of the specific provisions of the instrument, from what has been said above, it will be seen that, unless such provisions impose conditions and limitations upon the use of the premises which will negative the conveyance of an estate for years and reduce the interest passed to a mere usufruct, then the presumption of an estate must prevail. We do not deem it necessary to treat separately each of the conditions of the lease, as set forth in the statement of facts, which the lessor contends indicate an intent of the parties to limit the interest under the lease to a usufruct only. It will be observed that most, if not all, of the provisions, such as the agreement to pay rent for the use and occupancy of the premises, would be equally appropriate to the conveyance of an estate as it would be to the grant of a usufruct. On the other hand, certain of the provisions relied upon by the lessor as indicating a usufruct interest would seem more strongly to indicate an intention of the parties to pass an estate. For example, if the relation of landlord and tenant had been intended under the grant of a mere usufruct, it would have been unnecessary to make provision in the lease that the landlord would assume responsibility for upkeep of the premises, the payment of taxes, insurance, etc., for such obligations are imposed by law upon the landlord (Code, Chapter 61-1 et seq.) ; whereas, if the parties had intended to convey an estate, under the law (Chapter 85-8 et seq.), such duties would be upon the lessee, and for this reason, in order to relieve the lessee of such obligations, it would have been necessary to make specific provision, as was done here, to relieve the lessee of such expense. The various conditions relating to the reservation in the lessor of the right to terminate the lease are but conditions of forfeiture, and are not in any sense repugnant

to the grant of an estate. Furthermore, with respect to the right to terminate upon the event of receivership of the lessee by reason of bankruptcy or otherwise, this provision would seem to indicate clearly that the parties recognized that an estate did in fact pass; and the lessor, realizing that a leasehold interest was assignable, saw proper to protect himself by making such a condition a ground for termination of the estate. This construction of the provision would seem to be indicated by reason of the fact that, under section 70 of the Bankruptcy Act of 1938, it is recognized that "an express covenant that an assignment shall terminate shall be enforceable," whereas "a general covenant that the lease shall not be assigned shall not prevent the trustee from assuming it at his election and then subsequently assigning." The contention of the lessor that the original parties to the lease had recognized the interest thereunder to be only a usufruct, by reason of having obtained the consent of the original lessor to an assignment, prior to the one here undertaken, is without merit. This is true for the reason that such consent was necessary, in order to relieve the original lessee of liability under the lease, even though the leasehold interest, as an estate, was assignable without the consent of the lessor. As to the use of the phrase, "landlord of the premises," in referring to the lessor in the above-mentioned written consent to assignment, the single use of this technically inept phrase cannot be said to have the effect of changing the prima facie character of the interest conveyed under the contract of lease, as well as negativing the numerous other indicia of an estate embodied within the agreement itself; and for this reason the use of such verbiage can not be said to be more than a circumstance to be considered as one of many other words of art repeatedly used throughout the contract indicating an actual contrary intent.

In conclusion it may be pointed out that—even though some of the provisions of the instant lease might result in imposing liabilities upon the lessor which are usually incident to the relationship of landlord and tenant, and even if it could be said that certain of the provisions might be construed to impose limitations upon the use of the premises—yet, a contract which ordinarily would be construed to create an estate for years is

not reduced to a mere usufruct because certain limitations are put upon its use. The interest so passing may be encumbered or somewhat limited, without necessarily changing the character of the estate. *State* v. *Davison,* 198 *Ga.* 27, 40 (31 S. E. 2d, 225). Accordingly, since under the above construction of the lease the legal presumption of an estate for years is not negatived either by express language or by any provision such as would by necessary implication forbid the usual legal presumption of an estate, and since the instrument contained no provision restricting the lessee's right of assignment, other than in the event of receivership, the lessee could properly have assigned the lease without the consent of the lessor, and the trial court therefore erred in overruling the lessee's general demurrer to the petition and in granting the injunctive relief as prayed by the lessor.

*Judgment reversed in both cases. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*