28597. CAMP et al. v. DELTA AIR LINES, INC. et al.
28598. BLACKMON v. DELTA AIR LINES, INC. et al.

INGRAM, Justice.

The single question presented by these two appeals is whether Delta Air Lines, Inc., is subject to ad valorem taxation for space rented in the terminal of Hartsfield Atlanta International Airport under an agreement between Delta and the City of Atlanta.

The facts leading up to the present litigation are substantially as follows: In May of 1961, Delta entered into an agreement with the City of Atlanta for occupancy of space in the newly-constructed terminal building at the airport. From then until 1969 Delta was not taxed and did not return taxes for this property. In August of 1969, however, the tax assessors (Joint City of Atlanta-Fulton County Board of Tax Assessors) advised Delta that

there would be added a new item to Delta's list of taxable property, which being "leasehold interests . . . exclusive space in Atlanta Airport Terminal." The property was assessed at $3,100,000. Delta then protested to the tax assessors both the taxability of the property and its assessed value, but this protest was ineffectual because in June of 1970, payment of $198,714.40 by Delta was demanded for taxes claimed due and owing on the alleged "leasehold interest." It was at this point that Delta brought suit against the tax assessors and the Revenue Commissioner of Georgia seeking to enjoin the assessment and collection of taxes with respect to the rented airport terminal property. Both Delta and the defendants filed motions for summary judgment on the issue whether Delta had a taxable interest in the airport property. It is from the grant of Delta's motion for summary judgment and the denial of the defendants' motion that the defendants have now appealed to this court. The appeal in Case No. 28597 is that filed by the City of Atlanta-Fulton County Tax Assessors, and the appeal in Case No. 28598 is that of the State Revenue Commissioner. Both appeals assert identical errors on the judgments of the trial court and consequently will be treated together in this opinion.

The appellants state the issue presented for decision is whether "the lease between Delta Air Lines, Inc., and the City of Atlanta . . . merely granted to Delta Air Lines, Inc., a usufruct which was not subject to ad valorem taxation, . . . [or whether] the lease granted an estate for years which was a property right in Delta Air Lines, Inc. which was subject to ad valorem taxation."

What is a usufruct? Code § 61-101 provides that: "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them. In such case no estate passes out of the landlord, and the tenant has only a usufruct, which he may not convey except by the landlord's consent and which is not subject to levy and sale; and all renting or leasing of such real estate for a period of time less than five years shall be held to convey only the right to possess

and enjoy such real estate, and to pass no estate out of the landlord, and to give only the usufruct, unless the contrary shall be agreed upon by the parties to the contract and so stated therein." A different relationship exists under an estate for years. The Code states that, "An estate for years is one which is limited in its duration to a period fixed or which may be made fixed and certain. If it is in lands, it passes as realty. It may be for any number of years, provided the limitation is within the rule against perpetuities." Code § 85-801. See also Code § 85-803.

An estate for years is a taxable estate. *Delta Air Lines v. Coleman,* 219 Ga. 12 (131 SE2d 768). On the other hand, a mere usufruct, sometimes referred to as a license to use, is not a taxable estate. *Whitehead v. Kennedy,* 206 Ga. 760 (58 SE2d 832). Briefly stated, the reason a usufruct is not considered to be a taxable estate is because the fee estate in the property remains with the lessor and is undisturbed by the agreement for the lessee to use the property. A leading case dealing with whether a particular agreement creates a usufruct or an estate for years is *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483 (46 SE2d 894). As in the construction of all agreements, the cardinal rule to be used by the court is that the terms of the instrument itself must be scrutinized to ascertain what interest the parties intended to be conveyed or demised by it. See, also, *Hutcheson v. Hodnett,* 115 Ga. 990 (42 SE 422) (1902).

We note that, under the provisions of Code § 61-101, where the term of the lease is less than five years a rebuttable presumption arises that only a usufruct is created by the instrument. A concomitant presumption, recognized by this court in *Warehouses, Inc. v. Wetherbee,* supra, is that where the term of the lease is for more than five years, there is a presumption that an estate for years is created by the agreement of the parties. In each instance, the agreement involved must be carefully searched for the intention of the parties. The present lease, being for a term of thirty years, presumptively creates an estate for years. The question to be resolved is whether the terms of the present lease agreement overcome this presumption and establish that

the parties intended only a usufruct. The key inquiry turns upon whether various restrictions in the agreement, limiting Delta's use of the premises, sufficiently negate the presumption that this is an estate for years.

Appellants argue the presumption that an estate for years was created by this agreement is not negatived either by express language or by necessary implication from provisions in the agreement since the restrictions contained therein are reasonable for space leased in the airport terminal to an airline. Appellants rely upon *Warehouses, Inc.* (p. 490) and similar holdings to urge that: "A contract which ordinarily would be construed to create an estate for years is not reduced to a mere usufruct because certain limitations are put upon its use. The interest so passing may be encumbered or somewhat limited, without necessarily changing the character of the estate." Delta relies principally upon the airport lease cases of *Southern Airways Co. v. DeKalb County,* 216 Ga. 358 (116 SE2d 602); and *Henson v. Airways Service,* 220 Ga. 44 (136 SE2d 747). Delta argues that its "rights are so 'narrowed by the terms of the contract itself' as to the uses it may make of the premises, as to the assignability of its interest, as to subleasing, as to its rights to make improvements, as to subjection of Delta to rules and regulations made by the landlord city, and otherwise that the Rental Agreement 'convey(s) a usufruct only.' "

We have examined the specific provisions of the present agreement and conclude from doing so that the restrictions imposed upon Delta by the City of Atlanta, though reasonable and appropriate under the circumstances, nevertheless are incompatible with an estate for years as defined by Georgia law. We believe the agreement itself clearly reveals that Delta has only a circumscribed and limited "use of the premises and facilities" characteristic of a usufruct. The principles of decision applied by this court in *Southern Airways Co. v. DeKalb County,* supra, are applicable here and determine our judgment to affirm the trial court. Under the present agreement, the city obligates itself to perform a number of duties which generally are not characteristic of

grantors of estates for years. For example, the city agrees to perform various service and maintenance duties for the property; to provide heating, fire and extended coverage insurance, sewage and plumbing maintenance and water. Delta's subletting and assignment rights are restricted in a manner inconsistent with an estate for years which normally can be alienated without the grantor's consent. Delta is required by the agreement to secure the city's approval before making improvements to the rented space and it may not erect signs or other advertising without city approval. In addition, Delta is bound to obey all reasonable rules and regulations respecting "the use of the premises and facilities leased" as may be adopted by the city.

These provisions are illustrative of the reason we believe Delta does not have "an estate for years, carry(ing) with it the right to use in as absolute a manner as a greater estate." See Code § 85-803; *State of Ga. v. Davison,* 198 Ga. 27 (31 SE2d 225); and *Evans Theatre Corp. v. DeGive Investment Co.,* 79 Ga. App. 62 (52 SE2d 655). The quantity and quality of the lessee's rights under the present lease point to a conclusion that it creates only a usufruct. See *Midtown Chain Hotels Co. v. Bender,* 77 Ga. App. 723 (49 SE2d 779).

We agree with the trial court that Delta has only a usufruct under the present agreement. The judgment in both cases will be affirmed.

*Judgments affirmed. All the Justices concur.*

Argued February 11, 1974 — Decided April 4, 1974.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, H. Perry Michael, Assistant Attorneys General,* for appellants.

*Gambrell, Russell, Killorin, Wade & Forbes, Theodore M. Forbes, Jr., E. Smythe Gambrell, Guy Parker, Charles M. Lokey,* for appellees.