### 53459. BUOY et al. v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.

BELL, Chief Judge.

In 1969, a "lease" for fifty years was entered into between the Savannah Airport Commission, as lessor, and the appellants as lessee, which provided for the construction and operation of a motel on public land by the appellants.

The sole question for determination is the taxability of appellants' interest in the property.

If an instrument grants an estate for years or a leasehold estate it is taxable as realty. *Delta Air Lines v. Coleman,* 219 Ga. 12 (131 SE2d 768). On the other hand, if only a license to use is granted, this is a usufruct, which is not taxable. *Whitehead v. Kennedy,* 206 Ga. 760 (58 SE2d 832). Where the term of the lease is for more than 5 years a presumption arises that a leasehold estate was created.

*Warehouses, Inc. v. Wetherbee,* 203 Ga. 483 (46 SE2d 894). As the lease here was for a term of 50 years, presumptively an estate for years was created. Appellants contend that the conditions and terms of the lease impose restrictions and limits on the use of the property which will negative a conveyance of a leasehold estate and accordingly their interest in the property could only constitute a usufruct or license. Thus the terms of the lease must be examined in order to determine if this presumption was overcome. The lease granted to lessee, the "exclusive use" of described land for a 50 year term on which the lessee agreed to construct a motel. It also gave the lessee the right to mortgage its "leasehold rights" in connection with the obtaining of permanent financing of the motel building and the improvements. Most importantly the lease provided that the lessee would pay ". . . all real estate taxes and assessments, if any levied, against improvements erected by the lessee on the lands of the lessor..." If only the grant of a usufruct was intended then it would be unnecessary to impose a condition or duty on the lessee to pay any real property taxes on the improvements for if it were a mere usufruct there would be no real property taxes. The foregoing provisions are strong indications that the grant of a leasehold estate was intended by the parties. However, there are more indicia that the appellants acquired a leasehold interest for they were required to repair and maintain the premises, provide broad insurance coverage against loss to the premises and loss arising from the operation of the motel and to pay for all utilities. See Code § 85-805 and *Camp v. Delta Air Lines,* 232 Ga. 37 (205 SE2d 194). It is also significant to note that the lessor had the right subject to specific conditions to cancel "the leasehold estate herein created." Reading the lease in its entirety, there was a clear intent to grant to the appellants the right to build and operate a motel on the lessor's lands and the latter did not purport to exercise any dominion or control over the operation of the motel. This lack of dominion or control is what distinguishes this case from *Southern Airways Co. v. DeKalb County,* 216 Ga. 358 (116 SE2d 602); *Henson v. Airways Service, Inc.,* 220 Ga. 44 (136 SE2d 747); and *Camp v. Delta Air Lines,* 232 Ga. 37, supra, on which

appellants rely. While there are some limitations or restrictions placed on the lessee, a contract which ordinarily creates an estate for years is not changed to a usufruct because of limitations placed on the lessee. *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483, supra. The terms of the lease when construed as a whole do not show an intention to grant a usufruct to appellants. Thus the appellants acquired a leasehold interest that was taxable as realty.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Argued February 1, 1977 — Decided April 6, 1977 — Rehearing denied May 3, 1977 — ▮

*Lee & Clark, Fred S. Clark,* for appellants.

*Anton F. Solms, Jr., Leonard W. Childs, Jr.,* for appellee.