60555. HENDERSON et al v. TAX ASSESSORS, CAMDEN COUNTY.

DEEN, Chief Judge.

This is a dispute between the appellants, property owners on Cumberland Island and the tax assessor as to whether their respective deeds to the United States under the National Seashore Act left them with a life estate, which is taxable, or a mere usufruct, which is not. On the appellee's side: The appellant owners granted the described property by deed to the United States "in fee simple" and "covenant that grantor is seized of said premises in fee and grantor has the right to convey the same in fee simple" to the grantee and its assigns forever. The appellants are responsible by deed for payment of all state and local taxes. The vendors reserved to themselves, however, "a term of years ending upon the death of both of the owners." The appellants argue: Their reservation is hedged about by a number of conditions incompatible with a life estate. No live tree may be cut without permission of the Superintendent of Cumberland Island National Seashore. They may not add to or materially alter existing structures without permission. Access by boat or road is limited to that presently existing except at the discretion of the Superintendent.

An estate for years is taxable as realty, and where the grant is for a period of over five years the presumption arises that an estate for years is intended to be created. *Buoy v. Chatham County Bd. of Tax Assessors,* 142 Ga. App. 172 (235 SE2d 556) (1977). "In each instance, the agreement involved must be carefully searched for the intention of the parties." *Camp v. Delta Air Lines, Inc.,* 232 Ga. 37, 39 (205 SE2d 194) (1974). The agreement here is in the form of a deed; it unequivocally states that it grants a fee simple estate, reserving only an estate for the lives of the grantors. It is true that there are other basic restrictions aimed at preserving an amount of control in the grantee which would prevent a change in the character or use of the premises against the will of the latter. The purpose is of course to prevent changes in structure, use or maintenance incompatible with the announced purpose of creating and maintaining a national park and nature preserve.

The interest intended to be transferred may be encumbered or

somewhat limited without changing the character of the estate. *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483 (46 SE2d 894, 899) (1948). The holder of a life estate is responsible for ad valorem taxes. *Martin v. Heard,* 239 Ga. 816, 819 (238 SE2d 899) (1977); *Loudermilk v. Cobb County Bd. of Tax Assessors,* 155 Ga. App. 591 (1980).

On balance it appears that the intention of the parties was that the grantors retain a life estate, limited only insofar as it protects the ends and purposes of the estate granted. It was not error to affirm the judgment of the Tax Equalization Board holding the appellants subject to the tax.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED
OCTOBER 21, 1980 —
REHEARING DENIED NOVEMBER 25, 1980.

*J. Grover Henderson,* for appellants.
*Robert J. Morgan,* for appellee.