69040. RICHMOND COUNTY BOARD OF TAX ASSESSORS v. RICHMOND BONDED WAREHOUSE CORPORATION.
(325 SE2d 891)

BENHAM, Judge.

On July 18, 1967, the Georgia Ports Authority ("Authority") and appellee, Richmond Bonded Warehouse Corporation ("Richmond"), entered into an agreement whereby Richmond would lease land and buildings from the Authority for 50 years under certain conditions.

On June 30, 1969, the agreement was amended and extended to a period of 50 years and two months, commencing on the new agreement date. In 1967, the Chief Tax Assessor of Richmond County stated in a letter addressed to appellee's president that ad valorem taxes would not be assessed on the leased land or on improvements erected on it since the Authority and Richmond stipulated that such improvements would become the Authority's property. Neither the Authority nor its property is subject to ad valorem taxation by Richmond County.

In 1983, appellant, the Richmond County Board of Tax Assessors, notified appellee that it would seek payment of ad valorem taxes on the leased property for that year. Appellant appealed the determination of tax liability to the Richmond County Board of Equalization, but that board only reduced the assessed value of the leased property. Both appellant and appellee sought relief in superior court from the Board of Equalization decision pursuant to OCGA § 48-5-311 (f). The trial court ruled that the lease agreement created a usufruct and not an estate for a term of years; therefore, the property is not taxable. Appellant here contends that the trial court erred in concluding as it did. We disagree and affirm.

OCGA § 44-7-1 states that a usufruct is created when the owner of real estate grants to another person "the right simply to possess and enjoy the use of such real estate either for a fixed time or at the will of the grantor. In such a case, no estate passes out of the landlord" and the usufruct may not be conveyed except by the landlord's consent, nor is it subject to levy and sale. A usufruct is a lesser interest in real estate than is an estate for years, which does not involve the landlord-tenant relationship. OCGA § 44-6-101. "An estate for years carries with it the right to use the property in as absolute a manner as may be done with a greater estate" (OCGA § 44-6-103) and is subject to ad valorem taxation. *Delta Air Lines v. Coleman*, 219 Ga. 12 (131 SE2d 768) (1963). Where "the term of a lease is for a period greater than five years, a rebuttable presumption arises that the parties intended to create an estate for years rather than a usufruct. [Cits.] To resolve whether the presumption has been overcome in this case, we must examine the terms of the lease agreements and determine what interests the parties intended to convey. [Cit.]" *Eastern Air Lines v. Joint &c. Bd. of Tax Assessors*, 253 Ga. 18 (1) (315 SE2d 890) (1984).

There are a number of reasons for our conclusion that the parties intended to create a usufruct, one being the Authority's retention of dominion or control over the leased property. See *Southern Airways v. DeKalb County*, 216 Ga. 358, 365 (116 SE2d 602) (1960); *Allright Parking of Ga. v. Joint City-County Bd. of Tax Assessors &c.*, 244 Ga. 378 (260 SE2d 315) (1979). Compare *Buoy v. Chatham County Bd. of Tax Assessors*, 142 Ga. App. 172 (235 SE2d 556) (1977). The

lease provided that appellee could use the general purpose warehouse building it constructed on the land for that purpose and for no other. The building was built in accordance with plans and specifications approved by the Authority and if improvements were to be made to the structure, the Authority agreed to execute a consent to transfer and assign the lease to any approved financial institution, but only as security for the construction loan. The lease provision that "[l]essee's use of the premises shall conform to all laws and regulations of any governmental body appertaining" also indicates the high degree of control retained by the Authority. See *Camp v. Delta Air Lines*, 232 Ga. 37 (205 SE2d 194) (1974).

The agreement further stated that the "[l]essee shall at its sole cost, keep and maintain said premises and appurtenances and every part thereof, normal wear and tear excepted only." If the parties had intended to convey an estate for a term of years, the duties described would have been the lessee's responsibility under the law, thus making it unnecessary to insert such a provision in the body of the agreement. See *Warehouses, Inc. v. Wetherbee*, 203 Ga. 483 (46 SE2d 894) (1948).

Appellee is also restricted from assigning the lease or allowing any part of the leased premises to be used by others without the written consent of the Authority. Such a provision is consistent with the creation of a usufruct; the landlord retains the right to control alienation of the property since no property interest passes to the tenant. OCGA § 44-7-1. Having reviewed the agreement as a whole, we uphold the ruling of the trial court that the parties intended to create a usufruct, and as such appellee is not subject to ad valorem taxation. There being ample law to uphold the lower court's decision as it stands, there is no need to consider the remaining issues.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1985.

*Robert C. Daniel, Jr.*, for appellant.
*Thomas R. Burnside, Jr.*, for appellee.