## 73224. SEARCY et al. v. PEACH COUNTY BOARD OF TAX ASSESSORS et al.

(349 SE2d 515)

SOGNIER, Judge.

Mary Dee Searcy, by her agent, filed an appeal against the Peach County Board of Tax Assessors (Board) in the Superior Court of Peach County from a decision of the Peach County Board of Equalization denying Searcy's application for reduction in her property tax valuation for 1984. Searcy's application was based on her contention that the ad valorem taxes assessed to her erroneously included the value of property leased to Valley View Farms, Inc., as an estate for years. Valley View Farms and its assignees, the current lessees (hereinafter referred to collectively as "lessees"), were added as third-party defendants. The trial court denied Searcy's motion for summary judgment and granted summary judgment in favor of the Board and the lessees on the basis that the interest conveyed by the lease was a usufruct, taxable to Searcy. This appeal ensued.

Appellant entered into a lease agreement in 1973 with Valley View Farms for an initial 12-year term which was subsequently extended. The agreement did not expressly state whether the interest conveyed was that of an estate for years or a usufruct and no provision was made for the payment of taxes. The trial court found that appellant paid the taxes on the leased property for the first ten years of the agreement and brought her appeal after a reevaluation of property in Peach County.

Appellant contends the trial court erred by denying her motion for summary judgment and granting appellees' motions based on its determination that the agreement executed by the parties created a usufruct rather than an estate for years. "OCGA § 44-7-1 states that a usufruct is created when the owner of real estate grants to another person 'the right simply to possess and enjoy the use of such real estate either for a fixed time or at the will of the grantor. In such a case, no estate passes out of the landlord' and the usufruct may not be conveyed except by the landlord's consent, nor is it subject to levy and sale. A usufruct is a lesser interest in real estate than is an estate for years, which does not involve the landlord-tenant relationship. OCGA § 44-6-101. 'An estate for years carries with it the right to use the property in as absolute a manner as may be done with a greater estate' (OCGA § 44-6-103) and is subject to ad valorem taxation. [Cit.] Where 'the term of a lease is for a period greater than five years, a rebuttable presumption arises that the parties intended to create an estate for years rather than a usufruct. [Cits.] To resolve whether the presumption has been overcome in this case, we must examine the terms of the lease agreements and determine what interests the parties intended to convey. [Cit.]' [Cit.]" *Richmond County*

*Bd. of Tax Assessors v. Richmond Bonded &c. Corp.*, 173 Ga. App. 278, 279 (325 SE2d 891) (1985).

The presumption that an estate for years has been created is rebutted where the provisions of the agreement show an intent of the parties to negative that presumption either by the use of express terms or by the necessary implication of the terms employed by the parties. *Warehouses, Inc. v. Wetherbee*, 203 Ga. 483, 485 (5) (46 SE2d 894) (1948). We agree with the trial court that although there was no express language in the subject agreement, the interest conveyed was a usufruct as indicated by the necessary implication of the terms in the agreement. First, we note that the agreement completely restricted assignment of the lease without appellant's written consent. It is uncontroverted that Valley View Farms obtained written authorization from appellant before assigning its interest in the property to the current lessees. "Such a provision [restricting assignment] is consistent with the creation of a usufruct; the landlord retains the right to control alienation of the property since no property interest passes to the tenant. OCGA § 44-7-1." *Richmond County Bd. of Tax Assessors*, supra at 280. We do not agree with appellant's argument that the assignment restriction indicates the parties intended the agreement to convey an estate for years in that had the parties intended to convey a usufruct, there would have been no assignability as a matter of law and thus the restriction would have been superfluous. The flaw in this argument, based as it is on convoluted dicta in *Wetherbee*, supra, lies in the fact that the law presumes an estate for years was the intended interest conveyed, *not* a usufruct. Conflicting language in an agreement is thus construed to determine whether the "estate for years presumption" has been rebutted by language negating that presumption. Certainly, the inclusion of an assignment restriction would be superfluous in a document conveying a usufruct; however, in a document presumed by law to convey an estate for years, the assignment restriction would be vital to rebut that presumption in order to create the usufruct intended by the parties. Hence, we decline appellant's invitation to read *Wetherbee*, supra, in the reverse, so to speak.

We find further support for the trial court's ruling in language in the agreement limiting the lessees' rights in the property to cultivation matters, specifically excluding lessees from exercising mineral rights and "other rights of every kind and nature." This circumscribed and limited grant of the use of the leased property is characteristic of a usufruct. See *Clayton County Bd. of Tax Assessors v. Atlanta*, 164 Ga. App. 864, 866 (1) (298 SE2d 544) (1982). Finally, we note the language in the agreement revealing appellant's retention of control over the leased property in that the agreement required lessees to maintain the property in the "usual high standard of care,

cultivation and fertilization" practiced by lessees on their own land and required lessees to clear the land and leave it in good cultivatable condition suitable for grain or row-crop cultivation upon termination of the lease. Reading the agreement as a whole, we find that "[t]he lessees did 'not have "an estate for years, carry[ing] with it the right to use in as absolute a manner as a greater estate." ' [Cit.] '[T]he restrictions imposed upon [the lessees'] use of the premises . . . [under the provisions of] the lease are so pervasive as to be fundamentally inconsistent with the concept of an estate for years.' [Cit.]" Id. at 866.

We, therefore, uphold the ruling of the trial court that the parties intended to create a usufruct and, as such, appellant, not lessees, is subject to ad valorem taxation on the property. See *Delta Air Lines v. Coleman*, 219 Ga. 12 (131 SE2d 768) (1963). The grant of summary judgment to appellees and denial of appellant's motion for summary judgment is accordingly affirmed.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 29, 1986 —
REHEARING DENIED OCTOBER 14, 1986

*Charles R. Adams III*, for appellants.
*Sampson M. Culpepper, Robert Lanyon, Lawrence C. Walker, Jr., Michael G. Gray*, for appellees.