A99A0981. JEKYLL DEVELOPMENT ASSOCIATES, L.P.
v. GLYNN COUNTY BOARD OF TAX ASSESSORS.
A99A1009. JEKYLL DEVELOPMENT ASSOCIATES, L.P.
v. GLYNN COUNTY et al.
(523 SE2d 370)

PHIPPS, Judge.

This is an ad valorem tax dispute. The taxpayer is a limited partnership known as Jekyll Development Associates (JDA). JDA is the assignee of a lease originally between the Jekyll Island-State Park Authority (the Authority) as lessor and a general partnership known as Jekyll Club Associates (JCA) as lessee. The subject matter of the lease is the Jekyll Island Resort Hotel, a historic structure. JDA claims that the lease merely gives it a nontaxable usufruct or license to operate the hotel. The local taxing authorities argue that the lease vests JDA with a taxable leasehold estate in the hotel.

Jekyll Island is owned by the State of Georgia. The Authority is a tax-exempt instrumentality created by the Jekyll Island-State Park Authority Act to administer the island.[1] The Authority has a leasehold estate in the island and in the hotel. In 1985, JCA and the Authority entered into the original lease, which was modified and then assigned to JDA. JDA paid ad valorem taxes on its interest in the hotel without protest until 1995, when JDA and JCA sued Glynn County and its board of commissioners for a refund of the tax payments made from 1991 through 1994. They also appealed the assess-

---

[20] See *Akins v. State*, 254 Ga. 641, 642 (331 SE2d 597) (1985); *State v. Waters*, 170 Ga. App. 505, 507 (2) (317 SE2d 614) (1984).

[1] OCGA § 12-3-230 et seq.

ment of taxes from 1994 to 1996. In the refund action, the superior court entered summary judgment in favor of the county based on its determination that JDA has an interest in the hotel properly classified as a taxable estate for years. For this reason, the superior court also entered judgment in favor of the board of tax assessors in the assessment appeal. In Case No. A99A1009, JDA appeals the judgment entered in the refund action. Case No. A99A0891 is JDA's appeal of the judgment in the assessment appeal. *Held*:

1. Distinctions between an estate for years and usufruct are set forth in various Georgia statutes. The grant by one person to another of an estate for years is usually termed a lease, but an estate for years concerning realty does not involve the relationship of landlord and tenant.[2] The relationship of landlord and tenant is created "when the owner of real estate grants to another person . . . the right simply to possess and enjoy the use of such real estate. . . . In such a case, no estate passes out of the landlord and the tenant has only a usufruct which may not be conveyed except by the landlord's consent and which is not subject to levy and sale."[3] A usufruct has been referred to as "merely a *license* in real property, which is defined as 'authority to do a particular act or series of acts on land of another' without possessing any estate or interest therein.' [Cits.]"[4] On the other hand, an estate for years "carries with it the right to use the property in as absolute a manner as may be done with a greater estate, provided that the property or the person who is entitled to the remainder or reversion is not injured by such use."[5] Therefore, an estate for years, unlike a usufruct, constitutes a taxable interest in land.[6] All renting or leasing of real estate for a period of time in excess of five years is presumed to be an estate for years.[7]

2. Not unexpectedly, there are numerous cases involving leases which have some provisions characteristic of the conveyance of an estate for years along with others indicative of the grant of a mere usufruct.[8] In such cases, of which this is one, all provisions of the

---

[2] OCGA §§ 44-6-101; 44-6-102.

[3] OCGA § 44-7-1 (a).

[4] (Emphasis in original.) *Henson v. Airways Svc.*, 220 Ga. 44, 53 (2) (136 SE2d 747) (1964).

[5] OCGA § 44-6-103.

[6] *Fulton County Bd. of Assessors v. McKinsey & Co.*, 224 Ga. App. 593, 595 (2) (481 SE2d 580) (1997).

[7] OCGA § 44-7-1 (b).

[8] See *DeKalb County Bd. of Tax Assessors v. W. C. Harris & Co.*, 248 Ga. 277, 279 (2) (282 SE2d 880) (1981); *Allright Parking &c. Co. v. Joint City-County Bd. &c.*, 244 Ga. 378 (260 SE2d 315) (1979); *Southern Airways Co. v. DeKalb County*, 216 Ga. 358 (116 SE2d 602) (1960); *Warehouses, Inc. v. Wetherbee*, 203 Ga. 483, 485 (6) (46 SE2d 894) (1948); *State v. Davison*, 198 Ga. 27, 37 (2) (31 SE2d 225) (1944); *Huntingdon II, Ltd. v. Chatham County Bd. of Tax Assessors*, 207 Ga. App. 466, 467-468 (428 SE2d 605) (1993); *Richmond County*

lease must be scrutinized objectively to determine whether the legal effect of the agreement is to grant an estate in the property or merely a right of use.[9] An estate for years may be encumbered or somewhat limited without being reduced to a usufruct.[10]

3. Various sections of the lease in this case are indicative of the grant of an estate for years.

Section 1 creates in the lessee a "leasehold estate" and defines the interest so created as an "estate for years." Although this statement of intent is not controlling in a tax dispute,[11] it is a factor to be taken into consideration in determining the nature of the conveyance.[12]

Section 7 of the lease establishes an initial term of 55 years, and thus presumptively creates an estate for years. Moreover, if the lessee offers to lease the premises beyond the termination of the lease, § 7 requires the lessor to either accept the offer or make a good faith counteroffer. It would be "at least somewhat unusual" for a lessor to give a lessee such extended rights of use and occupancy of premises under the relationship of landlord and tenant.[13]

In addition, § 9 of the lease obligates the lessee to provide broad insurance coverage for the premises and facilities, and § 11 requires the lessee to pay all taxes and assessments. Obligations such as these are generally the responsibility of the holder of an estate in the property.[14]

4. But other sections of the lease impose restrictions on the lessee's use of the property in a manner more typical of the grant of a usufruct.

Section 3 provides that the premises shall be used by the lessee "solely for the operation of a top quality, family, tourist and convention oriented resort hotel." To this end, § 15 obligates the lessee to operate the hotel in accordance with prescribed quality standards. Section 13 requires the lessee to maintain landscaping that preserves the natural characteristics of a barrier island and prohibits cutting of trees, alteration of sand dunes, or erection of any advertising displays without the approval of the lessor. Under § 14, rates charged for rooms must be comparable to those prevailing in similar resorts. Section 21 reserves all oil and mineral rights to the lessor.

---

*Bd. of Tax Assessors v. Richmond Bonded Warehouse Corp.*, 173 Ga. App. 278 (325 SE2d 891) (1985); *Henderson v. Tax Assessors, Camden County*, 156 Ga. App. 590 (275 SE2d 78) (1980); *Buoy v. Chatham County Bd. of Tax Assessors*, 142 Ga. App. 172 (235 SE2d 556) (1977).

[9] *Huntingdon II*, supra at 468.

[10] See *Henderson*, supra at 590-591.

[11] *Allright*, supra at 386 (3).

[12] *Davison*, supra at 42.

[13] Id. at 41.

[14] See, e.g., *W. C. Harris & Co.*, supra; *Buoy*, supra at 173.

These sections of the lease evince a retention by the lessor of a degree of use or control over the property generally inconsistent with the grant of an estate for years.[15]

5. To complicate matters, there are other sections of the lease which are in some respects indicative of a usufruct but in other ways characteristic of an estate for years.

Sections 12 and 13 of the lease impose a broad obligation on the lessee to make all ordinary and extraordinary maintenance and repairs to the facilities and to rehabilitate, restore, reconstruct, refurnish, and refurbish them. As a result, destruction or damage to the property does not relieve the lessee from its duties and obligations under the lease. These provisions are indicative of the conveyance of an estate for years.[16] But these sections also obligate the lessee to expend certain minimum sums in making repairs and improvements; to comply with various standards, including rules and regulations prescribed by the lessor; and to have construction plans and specifications approved by the lessor. Restrictions such as these are consistent with the grant of a usufruct.[17]

Section 16 of the lease provides that the lessee has a right to encumber its interest in the property as security for loans, thereby recognizing that the lessee has an interest in the property transcending that of a mere right of use.[18] But various restrictions are placed on this right, including requirements that all loan proceeds be used to benefit the property and that all loans be secured by mortgages not to exceed a specified, aggregate balance unless the lessor approves. Such restrictions are generally inconsistent with the concept of fee simple ownership.[19]

Section 17 of the lease prohibits the lessee from assigning the lease or subletting any part of the premises without the consent of the lessor. This limitation is clearly inconsistent with the grant of an estate for years, "which normally can be alienated without the grantor's consent."[20] But § 21 states that any consent requested by the lessee shall not be unreasonably withheld, thereby circumscribing the lessor's power to withhold its consent.[21] Moreover, § 17 provides

---

[15] See *Southern Airways*, supra; *Henson*, supra at 44 (2); *Searcy v. Peach County Bd. of Tax Assessors*, 180 Ga. App. 531, 532 (349 SE2d 515) (1986).

[16] See *Buoy*, supra at 173; *Allright*, supra at 386.

[17] *Camp v. Delta Air Lines*, 232 Ga. 37, 41 (205 SE2d 194) (1974).

[18] See *Buoy*, supra; see also *Davison*, supra at 41.

[19] See *W. C. Harris & Co.*, supra at 280.

[20] *Eastern Air Lines v. Joint City-County &c. Tax Assessors*, 253 Ga. 18, 20 (3) (315 SE2d 890) (1984); see *Macon-Bibb County Bd. of Tax Assessors v. Atlantic Southeast Airlines*, 262 Ga. 119, 121 (414 SE2d 635) (1992) and cits.

[21] See *Pakwood Indus. v. John Galt Assoc.*, 219 Ga. App. 527, 529 (1) (466 SE2d 226) (1995).

that any assignment or subletting shall not relieve the lessee of liability under the lease unless specified by the lessor. This indicates that an estate for years was transferred.[22]

Finally, the right to inspect the premises given to the lessor under §§ 12 and 21 constitutes a retention of control consistent with the grant of a usufruct,[23] but § 8 of the lease otherwise grants to the lessee a covenant of quiet enjoyment. This distinguishes such cases as *Allright Parking*.[24] In *Allright*, as here, there were numerous conflicting lease provisions. Ultimately, the Supreme Court determined that only a usufruct had been granted because of one provision in the lease giving the landlord "sole discretion" to determine those portions of the premises "if any" which the tenant was entitled to use and occupy.[25]

6. This case bears some similarity to *Henderson v. Tax Assessors, Camden County*,[26] where property owners on Cumberland Island had conveyed the underlying fee to the United States by deed while reserving a term of years to end upon their deaths. The deed contained restrictions which provided that, without permission, the grantors could not cut trees, expand access to the island, or materially alter existing structures. Noting that the purpose of the restrictions was to prevent changes incompatible with the announced purpose of creating and maintaining a national park and nature preserve, the *Henderson* court held that a taxable life estate had been retained.

7. Here, most sections of the lease either grant rights to or impose obligations upon the lessee consistent with the conveyance of an estate for years or set forth restrictions designed to preserve the hotel as a historic structure and protect the lessor's reversionary interest. The remaining restrictions do not quantitatively or qualitatively outweigh the incidents of ownership vested in the lessee to convert the interest conveyed from the intended leasehold estate to a usufruct. The superior court correctly ruled that JDA must pay ad valorem taxes on its interest in the hotel for the years in question.

*Judgments affirmed. McMurray, P. J., and Ruffin, J., concur.*

---

[22] See *Southland Investment Corp. v. McIntosh*, 137 Ga. App. 216, 221 (2) (223 SE2d 257) (1976) (physical precedent only).

[23] *W. C. Harris & Co.*, supra.

[24] 244 Ga. 378.

[25] Id. at 386-387; see also *Atlantic Southeast Airlines*, supra.

[26] 156 Ga. App. at 590.

DECIDED OCTOBER 6, 1999 —

*Kilpatrick Stockton, Mara McRae, Julie A. Lierly, Fendig, McLemore, Taylor, Whitworth & Durham, Gilbert C. McLemore, Jr.,* for appellant.

*W. Gary Moore,* for appellees.