A06A2098. READ v. GEORGIA POWER COMPANY et al.

(641 SE2d 680)

SMITH, Presiding Judge.

The issue in this case is whether Henry Read, a tenant, owns an "interest" in the property he leases from his landlord Georgia Power that would allow him to pursue a private way on the property. In granting summary judgment to Georgia Power and others, the trial court found as fact that Read had only a usufruct — the right to use the property. We agree and affirm.

The facts are undisputed here. Henry Read filed a complaint for an easement by necessity against the landowner Georgia Power and several adjacent tenants. Georgia Power owns all of the land in dispute in fee simple. Read's leased property is landlocked on two sides and bounded by Lake Rabun on two sides. The property was leased to Read pursuant to a 15-year agreement.[1] Paragraph 19 of the agreement provided in part: "This lease shall create the relationship of landlord and tenant only between Lessor and Lessee. No estate shall pass from Lessor to Lessee hereunder, Lessee shall have a usufruct only, not subject to levy, sale or attachment." The lease agreement further provided that Georgia Power "reserves the unrestricted right to grant the right to locate or relocate, and thereafter use, roadways, right-of-way and utility easements, on, across or adjacent to the Premises."

Read first sought permission from Georgia Power to build a driveway from his leased property to allow for emergency access to the main road in light of Read's questionable health, and that request was denied. In the request, Read acknowledged that several years prior, appellee William Hines asked Read to join him in building a driveway, but that he declined because he could not help pay for its construction. As a result, Hines relocated his driveway to an area that could not be accessed by Read.

---

[1] Read has leased this property from Georgia Power since the early 1950s.

Read then filed a complaint seeking an easement by necessity pursuant to OCGA § 44-9-40 (b) over his leased property and the adjacent leased properties, arguing that he had no means of ingress and egress to the main road. Read claimed that he had an "interest" in the leased property. Georgia Power and the adjacent lessees subsequently moved for summary judgment. Following a hearing, the trial court granted the defendants' motion for summary judgment, finding that the presumption that Read maintained an estate of years is rebutted by the language of the lease creating only a usufruct. The court further found that an easement could not exist because the servient estate and the dominant estate are all owned by Georgia Power and that Read had waived his right to seek an easement by his earlier refusal to participate in the construction of the driveway proposed by appellee Hines. Finally, the court ruled that Read was barred from suing Georgia Power because of the covenant not to sue in the lease.

To prevail on summary judgment, the movant must demonstrate that no genuine issue of material fact exists and that the undisputed facts, when viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Under OCGA § 44-9-40 (b),

[w]hen any person or corporation of this state *owns real estate or any interest therein* to which the person or corporation has no means of access, ingress, and egress and when a means of ingress, egress, and access may be had over and across the lands of any private person or corporation, such person or corporation may file his or its petition in the superior court of the county having jurisdiction. . . . The filing of the petition shall be deemed to be the declaration of necessity.

(Emphasis supplied.) The ultimate question presented here therefore is whether Read owned an "interest" in the property that would allow him to pursue a private way across the appellees' property.

OCGA § 44-7-1 (a) provides:

The relationship of landlord and tenant is created when the owner of real estate grants to another person, who accepts such grant, the right simply to possess and enjoy the use of such real estate either for a fixed time or at the will of the grantor. In such a case, no estate passes out of the landlord and the tenant has only a usufruct which may not be

conveyed except by the landlord's consent and which is not subject to levy and sale.

Under OCGA § 44-7-1 (b), the leasing of real estate for a period of less than five years conveys only a usufruct unless the contrary is agreed to by the parties and is stated in the contract. Here, the contract provides that although the lease is for a term of 15 years, only a usufruct is created. A usufruct is "sometimes referred to as a license to use." *Allright Parking v. Joint City-County Bd. of Tax Assessors &c.*, 244 Ga. 378, 385 (3) (260 SE2d 315) (1979). The conveyance of a usufruct passes no property interest to the tenant. *Richmond County Bd. of Tax Assessors v. Richmond Bonded Warehouse Corp.*, 173 Ga. App. 278, 280 (325 SE2d 891) (1985).

> As applied to personalty, an estate for years differs from a contract of hiring, which is a bailment conveying no interest in the property to the bailee but merely the right of use. As applied to realty, an estate for years does not involve the relationship of landlord and tenant, in which relationship the tenant has no estate but merely has a right of use which is very similar to the right of a hirer of personalty.

OCGA § 44-6-101. Because it is clear that Georgia Power conveyed no interest leaving Read with only a right to possess and use the property, Read does not "own" an "interest" and therefore cannot pursue an easement by necessity under OCGA § 44-9-40. The trial court did not err in granting the appellees' motion for summary judgment.

*Judgment affirmed. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 6, 2007 — ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Cummings & Dillard, Michael H. Cummings II, David B. Hornsby*, for appellant.

*McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay, Hulsey, Oliver & Mahar, Julius M. Hulsey, Jane A. Range*, for appellees.